FRANCIS M. LONG *et ux.*, plaintiffs in error, *vs.* DANIEL BULLARD, defendant in error.

[JACKSON, Judge, having been of counsel, did not preside in this case.]

1. Complaint upon a promissory note, in the statutory form, cannot be amended by adding count setting up that plaintiff held title to certain property as security for the payment of the debt sued on, and therefore praying that such property might 'be sold, the note sued on paid out of the proceeds, and the surplus turned over to defendants. The cause of action thus set up is new, and a new judgment is prayed.

2. Where, in a petition for a homestead to the ordinary of Bibb county, in behalf of petitioner and her children, she alleged that she was a citizen of said county and state, and that her husband refused to apply therefor, the averments are sufficient to give such ordinary jurisdiction.

3. Where plaintiff accepted a deed which recited that the property therein described had been set apart as a homestead to the family of the grantor, and that it was now conveyed by the approval of the ordinary, he is not in a position to deny the validity of the homestead.

Equity. Amendment. Homestead. Estoppel. Deeds. Before Judge HILL. Bibb Superior Court. October Adjourned Term, 1876.

Reported in the decision.

R. F. LYON; R. W. JEMISON, for plaintiffs in error.

LANIER & ANDERSON, HILL & HARRIS, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendants on a promisory note, payable to him or bearer, for $1,220.00, dated 18th November, 1872, due twelve months after date. The defendants filed various defenses to said action in their several pleas thereto, such as the discharge in bankruptcy of F. M. Long, that Betsy A. Long was his wife and a *feme covert* at the time she signed the note, that it was given for a debt of her husband, that she never read it and did not know the amount of the note, etc. ˙ Whereupon the plaintiff made a motion to amend his declaration, which was in the common statutory form, by inserting therein and annexing thereto, as a part thereof, a proceeding in the nature of equitable relief, in which he alleged, amongst other things, that the said Long was indebted to the Ocmulgee Building and Loan Association, that the note was given to the plaintiff to obtain money to pay that debt, which was secured by mortgage on defendant's property; that, prior to the foreclosure of said mortgage, defendants had obtained a homestead on the property, and, to secure the plaintiff for the money so advanced by him for which said note was given, the defendants, on the 11th of November, 1872, executed a deed to said property to the plaintiff, which was described therein as having been set apart as a homestead, the consideration mentioned in said deed being $1,180.00, which was approved by the ordinary of Bibb county; that plaintiff's debt was not proved in the bankrupt court; that the title to the property conveyed by the deed was vested in the plaintiff as a security for the payment of the note sued on, and prayed for a decree that said property mentioned in said deed might be sold at sheriff's sale, and so much thereof as equals the amount due on said note be applied to the payment thereof, and the surplus, if any, be paid to the defendants, which amendment was allowed by the court over defendants' ob-

jections. On the trial of the case, the jury, under the charge of the court, found a verdict for the amount of the note, and also decreed a sale of the property as prayed for in plaintiff's amended declaration, and that the proceeds thereof be applied to the plaintiff's debt and costs, and the surplus, if any, be paid over to F. M. Long. The defendants made a motion for a new trial, on various grounds, which was overruled, and the defendants excepted.

1. Was the court right in allowing the amendment to the plaintiff's declaration? All parties, whether plaintiffs or defendants, in the superior or other courts, (except the supreme court,) whether at law or in equity, may, at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by. Code, §3479. No amendment adding a new and distinct cause of action, or new and distinct parties, shall be allowed, unless expressly provided for by law. Code, §3480.

The original cause of action in the plaintiff's declaration, was the refusal of the defendants to perform their contract as set forth in the promissory note declared on. The amendment offered and allowed, was on a contract by deed, which is alleged to have been executed by the parties as a security for a debt, and, therefore, an equitable mortgage. The cause of action embraced in the amendment, is not only a new and distinct cause of action from that contained in the original declaration, but the plaintiff prays for a new and distinct judgment in his amendment. If there is any law which provides for the amendment of the plaintiff's declaration as set forth in the record, we are not aware of it. The plaintiff insists that he was not compelled, under the provisions of the 3082 section of the Code, to go into a court of equity for relief, but may obtain it in a court of law. This he undoubtedly could have done by bringing his action in the proper form, with the proper allegations, in the first instance. Neither a declaration for a legal cause of action, nor a declaration for an equitable cause of action, can

be amended by adding a new and distinct cause of action, or new and distinct parties. Equity is ancillary, not antagonistic, to the law: hence, equity follows the law where the rule of law is applicable, and the analogy of the law where no rule is directly applicable. Code, §3083. A plaintiff can no more amend his declaration for a legal cause of action by adding a new and distinct cause of action thereto, or new and distinct parties, under the pretext of an equitable proceeding, than he could amend his declaration for an equitable cause of action by adding a new and distinct cause of action, or new and distinct parties thereto, inasmuch as the law prohibits it in both cases.

2. The court charged the jury, amongst other things, that the ordinary of Bibb county had no jurisdiction to allow the homestead exemption to Mrs. Long, as set forth in the record. It is alleged in her petition to the ordinary of Bibb county for a homestead in behalf of herself and children, that she is a citizen of said county and state, and that her husband refused to apply therefor. In our judgment, there are sufficient averments in the petition to give to the ordinary of Bibb county jurisdiction to have allowed the homestead set forth in the record.

3. The plaintiff, however, accepted the deed from Long and his wife to the property, in which it is recited, after describing it, "the same being property set apart as a homestead for the family of said Long, and now conveyed by the approval of the ordinary of Bibb county." The plaintiff, therefore, is not in a position to deny the validity of the homestead, the more especially as it is not *void* for want of jurisdiction of the ordinary of that county to allow the same.

In view of the facts contained in the record, and the errors complained of, the court erred in overruling the defendants' motion for a new trial. Let the judgment of the court below be reversed.