pay his fare, and was ejected for this reason ; that the conductor stopped the train and put him off at a flag-station; and that no abuse of any kind was used towards him, nor indignity put upon him.

ERWIN, DUBIGNON & CHISHOLM, for plaintiff in error.
GARRARD, MELDRIM & NEWMAN, *contra.*

---

CENTRAL RAILROAD & BANKING CO. *v.* JACKSON, trustee.

The declaration as filed, recorded and served being for damages to lot of land No. ——, and the same having been altered by adding an *s* to each of the words "lot" and "No." and by filling the blank with four numbers so as to make the complaint apply to four lots of land instead of to one only, and it appearing that the counsel representing the defendant at the trial had no previous knowledge of this alteration, and it not appearing that any notice of the same had been given to or served upon them or upon their predecessor in the management of the cause, who was dead, it was a good ground for a continuance that counsel were surprised to find the declaration in this condition, they stating in their places that they were wholly ignorant of the alteration until the case was called for trial and for that reason were not prepared to go to trial on the question of damages to three of the lots but were prepared as to one only. The court erred in refusing a continuance, or at least in not postponing the trial for such time as would be reasonable for making preparation in view of the changed state of the declaration.        *Judgment reversed.*
July 23, 1894.

Action for damages. Before A. C. RILEY, judge *pro hac vice.* Houston superior court. October term, 1893.

STEED & WIMBERLY and JOHN R. COOPER, for plaintiff in error. M. G. BAYNE, *contra.*

---

HOLDER *v.* THE AMERICAN INVESTMENT AND LOAN CO.

1. The evidence showing that the land in Vineville district, which the constable intended to seize by virtue of a tax *fi. fa.*, was a lot consisting of two acres adjoining several adjacent owners, one of whom was Ross, *alias* Hollingsworth, a description in the entry

