## SETZE *v.* FIRST NATIONAL BANK OF PENSACOLA.

1. A mortgage was executed conveying certain realty to secure a promissory note which was payable to S. or order. S. indorsed the note in blank and delivered it to the plaintiff for value. The plaintiff, as holder and transferee of the mortgage note, sought to foreclose it by an equitable petition, and also to obtain a general judgment. A demurrer to the petition was filed upon the ground that it did not appear that the legal title to this mortgage had ever been transferred in writing to the plaintiff by name. *Held*, that the indorsement by the payee of his name on the back of the mortgage note, for value, conveyed such note, together with the mortgage lien, to such holder thereof, and the transferee can foreclose the same in its own name.

(*a*) In such a case it is not necessary that the name of the transferee shall be set out in writing.

2. For the reasons set out in the second division of the opinion, the court erred in not sustaining the special demurrer to the petition.

3. Where a petition alleges that ten-days notice of intention to bring suit on a promissory note to a stated term of court, and to enforce the payment of attorney's fees stipulated in the note, has been given the defendant, it is unnecessary to attach to the petition a copy of the notice thus alleged to have been given.

SEPTEMBER 26, 1913.

Mortgage foreclosure.   Before Judge Morris.   Cobb superior court.   February 10, 1912.

The First National Bank of Pensacola, Florida, brought suit against Eliza P. Setze, alleging, that on the 28th day of August, 1908, Mrs. Setze executed a certain mortgage note to C. R. Setze for the sum of $2,500, which was due on the 28th day of August, 1911, together with interest and attorney's fees, etc., and to secure the payment of the note Mrs. Setze conveyed to the payee and his assigns certain described real estate; that on the 6th day of June, 1911, C. R. Setze "transferred and assigned said mortgage note to petitioner for value, as will more fully appear by reference to said

copy hereto attached;" and that Mrs. Setze was indebted to the plaintiff in the amount of the note, and refused to pay it. By reference to the attached copy it appears that the name of "C. R. Setze" was merely indorsed on the mortgage note, and no formal transfer or assignment was made. The note contains the recital: "This is a second mortgage on said property, the first being given to Society of African Mission of Baltimore City, for $2,200, maturing October 16th, 1908, and extended for five years from date of maturity." Notice of intention to bring suit and collect attorney's fees was alleged to have been given to the defendant. The prayer was, that the mortgage be declared a lien upon the land for the principal, interest, and attorney's fees; that the mortgage be foreclosed and the equity of redemption therein be forever barred; that the land be sold to pay the debt sued for, after paying the debt, if any, due the Society of the African Mission of Baltimore City; and that the plaintiff have a general judgment for the principal, interest, and attorney's fees. By amendment the plaintiff alleged, that there was no such corporation as the Society of African Mission of Baltimore City, as set out in defendant's answer; that the defendant had no transaction with that society; that the defendant never gave to the society any mortgage on the property held by the plaintiff as security for the note sued on in this case; and that the same is fictitious and puts a cloud on the title and the mortgage held by the plaintiff, and should be removed in order that the plaintiff may have and maintain its equitable rights. Plaintiff prayed that the alleged cloud be removed, and that it have a lien set up and established in favor of the note and obligation of the defendant here sued on.

The defendant filed a demurrer in which she urged: (*a*) That the petition sets forth no ground for equitable relief, and shows that there is an adequate remedy at law. (*b*) That the petition is insufficient as to parties plaintiff, in that it does not appear that the legal interest to the mortgage sought to be foreclosed has ever been transferred in writing to the plaintiff, but that the legal right of action thereon remains in the mortgagee, C. R. Setze. (*c*) That there are no sufficient parties defendant, it appearing from the petition that the Society of the African Mission of Baltimore City has a first mortgage on the property, and it is necessary, in order to protect the interests of the society by paying off the debt as prayed

for, that the society should be made a party to the cause. (d) Defendant demurs specially, because no copy of the alleged notice of intention to claim attorney's fees is attached to the petition. The court overruled the demurrer, and the defendant excepted.

*Candler, Thomson & Hirsch,* for plaintiff in error.

*John Awtry, W. R. Power,* and *George F. Gober,* contra.

HILL, J. (After stating the foregoing facts.)

1. The mortgage note sued on in this case was payable to C. R. Setze or order. It was therefore negotiable. The petition alleges that it was transferred and assigned to the plaintiff, which brought suit against the maker to enforce it. There is no formal transfer or assignment of the note and mortgage in writing, and the question is whether the simple indorsement of the name of the payee in the note on the back thereof operates to transfer not only the note but the lien created by the mortgage to the plaintiff, which claims to be the holder for value and sues as such. A promissory note is negotiable by indorsement of the payee or holder. Civil Code, § 4273. Civil Code § 4276, declares: "The transfer of notes secured by a mortgage or otherwise conveys to the transferee the benefit of the security." See, to the same effect, *Roberts* v. *Mansfield,* 32 *Ga.* 228; *Murray* v. *Jones,* 50 *Ga.* 109; *Berrie* v. *Smith,* 97 *Ga.* 784, 785 (25 S. E. 757). Civil Code § 3345 is as follows: "All transfers and assignments of rent notes, mortgage notes, and other such evidences of indebtedness, secured either by contract lien or out of which a lien springs by operation of law, shall be sufficiently technical and valid where such transfer or assignment plainly seeks to pass the title to any of such papers in writing from one person to another." The act of 1899 (Acts 1899, p. 90), embodied in the Civil Code, §§ 3345-3347, was remedial in its nature, and, as expressed in the caption, was "to provide for the more full and complete transfer and assignment of rent notes, mortgage notes, . . so that upon a simple transfer for value of such rent note, mortgage note, and other such evidences of indebtedness, the lien connected therewith is carried and follows as a necessary incident of such transfer, so as to allow such transferee or assignee of the same, without more, to foreclose and enforce the same in his own name." The purpose of this act was, therefore, not to lessen the power of assignment, but to broaden it, so as to do away with, as much as possible, the formality of transfers of

lien notes. Prior to the act of 1899, promissory notes payable to order were negotiable merely by the indorsement of the payee. The transfer of notes secured by a mortgage or otherwise carried with it the benefit of the lien of the mortgage. The expressed purpose of the act of 1899 was to provide for the more full and complete transfer of notes secured by liens, so that upon a "simple transfer" of such notes the lien connected therewith is carried, and the transferee can foreclose in his own name. Therefore, in this case, the note and mortgage to secure it being embodied in a single instrument, and the indorsement and delivery thereof being sufficient to transfer the title to the note payable to order, it was a sufficient "simple transfer" of the entire paper to carry title thereto to the person to whom it was delivered so indorsed. But it is argued that mortgage notes can not be transferred by simple indorsement, inasmuch as the act of 1899 (Civil Code, § 3345) provides that the transfer of mortgage notes shall be "in writing from one person to another." It is insisted that the language of the act of 1899 does not come under the law merchant, where a simple indorsement is sufficient to convey the title and transfer the note to any one who might legally hold it; but that in order to carry the lien of the mortgage with the note, there must be a written assignment in which the name of the assignee is set forth. At common law the title to a mortgage did not pass by a simple indorsement in blank. The act of 1899 is a remedial statute, designed to do away with the formal and technical rule as to assignments and transfers of liens, so that the law merchant will apply as well to notes carrying liens as to those which do not. Even a casual reading of the caption of the act of 1899 will show that such was the evident purpose of the legislature. And in the body of the act the matter relating to the transfer of liens provides that the effect of such transfer or assignment of such notes will be to completely and fully carry such lien "as a necessary incident thereof." And section 3 of the act provides that upon the "simple transfer" of any mortgage note, etc., the transferee can foreclose it in his own name. The whole act breathes with the spirit of simplifying the method of transferring liens which attach to certain notes, including mortgage notes. The act of 1899 did not repeal section 4276 of the Civil Code, quoted supra, but was intended to simplify the manner of transferring notes secured by liens, etc. The act of 1899 should be construed

in connection with section 4276; and so construed, we think the simple indorsement of the name of the payee in a mortgage note payable to order, on the back thereof, gives the holder for value the right to foreclose the mortgage in his own name. From what has been said, we think the petition set forth a cause of action, so that the plaintiff in the court below could proceed in its own name to foreclose the mortgage. The overruling of the general demurrer was not error. *Barnes* v. *Fleetwood, 5 Ga. App.* 296 (63 S. E. 60).

2. One of the prayers of the petition is that the "mortgage may be declared a lien upon said land for the principal, including interest and attorney's fees, as hereinbefore set out, and costs, and that said mortgage be foreclosed and the equity of redemption therein forever barred, and that said land be sold to pay this debt, after paying the debt, if any, due the Society of the African Mission of Baltimore City." The petition as originally brought alleged that the Society of the African Mission of Baltimore City had a first mortgage on the property described in the petition, for $2,200, which matured October 16th, 1908, and was extended for five years from the date of maturity. By amendment to the petition it was alleged that there is no such corporation as the Society of the African Mission of Baltimore City, as set out in defendant's answer, and that said defendant had no transactions with said society. We think the special demurrer to this portion of the petition should have been sustained, and to that extent the judgment of the court below is reversed. That portion of the petition referred to in this division of the opinion should have been stricken. No necessity is shown in the petition for such a decree as prayed for. A general judgment is prayed against the defendant, and the insolvency of the defendant is not alleged. The Society of the African Mission of Baltimore City, whose first mortgage would be affected by such a decree, is not a party to this suit. The plaintiff does by amendment allege that there is no such corporation, and that the defendant had no transaction with the corporation. But the plaintiff will not be heard to deny the validity of the first mortgage, when the note under which it sued in terms expressly states that it is a second mortgage on the property, the first being given to the "Society of African Mission of Baltimore City." *Jenkins* v. *Southern Ry. Co.,* 109 *Ga.* 35 (34 S. E. 355); *Long* v. *Bullard,* 59 *Ga.* 355 (3). No reason is shown why the society above named had not a

valid first mortgage lien on the property described in the note sued on, as declared in the note itself. We do not think that the portion of the petition under review alleges any facts which take the case out of the usual procedure where a foreclosure is sought on property having first and second liens thereon. For these reasons, we think the court should have sustained the demurrer to this extent.

3. The note on which suit was brought contained a provision for the payment of 10 per cent. attorney's fees on principal and interest in case of collection by suit or through an attorney. The petition alleged that notice of intention to bring suit and collect attorney's fees had been given to the defendant in writing, stating the term of court to which suit would be brought, 10 days prior to the filing thereof. A special demurrer was filed, on the ground that a copy of the notice should have been attached to the petition. This was unnecessary. The suit was not brought on the notice, but on the note. The statute requires notice in order to make this provision of the note enforceable. It was necessary to allege the giving of such notice, but the allegations of the petition were sufficient, and it was not necessary to attach a copy of the notice which had been given.

As the plaintiff in error has secured a material modification of the judgment of the court below, she is entitled to the costs of bringing the case to the Supreme Court.

*Judgment affirmed in part and reversed in part. All the Justices concur.*