## DAILEY *v.* SPRINGFIELD *et al.*

1. A deed which on its face purports to convey a bare contingency or possibility, and in which there is nothing to show a present right in the vendor to sell a future benefit, is void.

(a) A covenant of warranty in such deed will not inure to the benefit of the vendee, or his heirs, so as to subject after-acquired property of the vendor to such covenant.

2. Accordingly, where a vendor for a named consideration conveyed to a

vendee "all the present rights in or title to all interests that" the vendor "may become possessed of either by inheritance or by deed from" the mother of the vendor, in certain city lots which the mother "now owns" in a certain city, and any interest he "may in the future become possessed of in any other city property, . . either by deed or inheritance from" the mother, this was an attempt to convey a mere naked possibility without any present interest, and was void.

(a) Where in such case an action was brought by the widow of the vendee, who was his sole heir, in her own right (there being no debts against the estate), to recover an interest in certain realty belonging to and the proceeds of certain other property derived from the mother's estate, after her death, a demurrer to such petition was properly sustained.

DECEMBER 17, 1915.

Equitable petition.    Before Judge Fite.    Whitfield superior court.    December 9, 1914.

Mrs. R. C. Dailey filed her petition alleging substantially as follows: Her husband, Horace Springfield, died leaving no indebtedness, and the plaintiff is his sole heir at law. This action is brought against B. W. Springfield, Bert Springfield, and John Robertson, and is based upon a certain deed executed to her husband by B. W. Springfield. The deed (a copy of which is attached as an exhibit to the petition) recited that on October 10, 1907, B. W. Springfield, in consideration of $500, the receipt whereof was acknowledged, did bargain, sell, and convey unto Horace Springfield "all the present rights in and title to and all interests that the said B. W. Springfield may become possessed of, either by inheritance or by deed from Mrs. N. J. Springfield, in certain city lots which the said Mrs. Springfield now owns in the city of Dalton, Whitfield county, Georgia, [describing the lots], . . and any interests I may in the future become possessed of in any other city property in the city of Dalton, Georgia, Whitfield county, either by deed or inheritance from the said Mrs. N. J. Springfield." The deed also contained a covenant of warranty. It is alleged that the intention of the conveyance was, that, Mrs. N. J. Springfield, the mother of B. W. Springfield and Horace Springfield, being the owner of certain realty valued at approximately $4,000 to each child's part, B. W. Springfield, one of the children, would in due course of time become entitled, either by deed or inheritance, to his portion thereof. B. W. Springfield was in need of financial assistance, and agreed to sell to Horace Springfield all of his rights as an heir of Mrs. N. J. Springfield for the above-stated consider-

ation. This was done with the knowledge of Mrs. N. J. Springfield, and it was contemplated that she should remain in the possession and use of her property during her lifetime, and at her death B. W. Springfield's inheritance from her should go to Horace Springfield. Horace Springfield died in 1911, and immediately thereafter B. W. Springfield began to devise some scheme whereby he might evade his contract with Horace Springfield, and to this end he sought to bring about a sale of the property owned by Mrs. N. J. Springfield at the time of the execution of the above-mentioned deed, with a view to concealing and using the proceeds thereof prior to her death; and he did procure and bring about such a sale to John F. Robertson, who, prior to his purchase, was told by the plaintiff and by her attorney of the terms of the contract, and who bought with full notice thereof, and who retained from the purchase-price of $4,200 the sum of $450 in order to protect himself against the plaintiff's claim. Mrs. N. J. Springfield gave $1,000 of the purchase-price of the property to Bert Springfield, and $1,000 to B. W. Springfield, which the plaintiff is entitled to receive from him, the same being proceeds of the realty described in the above-stated deed of conveyance from B. W. Springfield to Horace Springfield. With a part of the remainder of the proceeds Mrs. N. J. Springfield purchased certain other described real estate in the city of Dalton. In addition to the above realty, Mrs. N. J. Springfield left at her death, on the 26th day of February, 1914, the sum of approximately $1,000 in money as the proceeds of the realty described in the deed from B. W. to Horace Springfield. Plaintiff is entitled to recover from B. W. Springfield all of the real estate described in the last-mentioned deed, and the proceeds therefrom, or the property B. W. Springfield received by gift or inheritance from Mrs. N. J. Springfield's estate. B. W. Springfield inherited a half interest in the real estate above described; and he received by gift the $1,000 above referred to as the proceeds of the property described in the deed attached to the petition; and he and Bert Springfield are now in possession of $1,000 of the proceeds of the real estate, one half of which in law and equity belongs to the plaintiff. Bert and B. W. Springfield are seeking to convey the real estate described, under some deed or conveyance from Mrs. N. J. Springfield, not recorded, which plaintiff is informed was drawn in an attempt to convey one half interest

therein to B. W. Springfield, and to avoid her claim. Bert and B. W. Springfield are insolvent; they are seeking to dispose of the money left from the proceeds of the real estate described in the contract, as well as the real estate itself; and in the event they are allowed to do so, the plaintiff will be without remedy. She prays, that defendants be required to pay one half of the money inherited by B. W. Springfield into court; that they be enjoined from encumbering or disposing of any property left by Mrs. Springfield; that plaintiff have judgment for one half interest in the real estate described as being on Green Street, Dalton, and judgment against B. W. Springfield for $1,000, and for one half the money left of the proceeds of the property described in the deed from B. W. to Horace Springfield; and that she have judgment against John F. Robertson for $450.

The defendants demurred to the petition, upon the grounds, among others, that there is a misjoinder of parties; that there is no allegation that there has not been previously appointed an administrator of Horace Springfield, and no allegation that the administrator authorized or consented for the plaintiff to sue in this case; and that no cause of action is set out against defendants. The court sustained the demurrer and dismissed the case, and the plaintiff excepted.

*George G. Glenn* and *M. C. Tarver,* for plaintiff.

*W. E. Mann* and *W. C. Martin,* for defendants.

HILL, J. (After stating the foregoing facts). The controlling question in the case is whether the contract as expressed in the deed from B. W. Springfield to Horace Springfield, as set out in the foregoing statement of facts, is legal and enforceable. Section 4117 of the Civil Code of 1910 declares: "A bare contingency or possibility can not be the subject of sale, unless there exists a present right in the person selling, to a future benefit." The question arises, did there exist in B. W. Springfield a *present right* to sell an interest in his mother's property while she was yet living, or was the thing attempted to be conveyed a bare contingency? There is no contention that B. W. Springfield had a present right to sell a future benefit at the date of the deed. Our own court seems not to have passed upon the exact question here raised, so far as we have been able to find. But a number of outside jurisdictions have decided the question. In Hoyt *v.* Hoyt, 61 Vt. 413, 416 (18 Atl.

313), it is said: "At common law agreements for the sale of expectancies are generally held to be pernicious and void, for the reason that they offer temptations to heirs to anticipate the enjoyment of property by making disadvantageous bargains, which tend to their harm and to involve the name and character of the family." In Poor v. Hazleton, 15 N. H. 564, 566, it is said that such sales are "void as against public policy." In Boynton v. Hubbard, 7 Mass. 112, it is said: "It is a fraud on the ancestor, productive of public mischief, and void as well at law as in equity." In this last case the contract was called a wagering contract and declared to be against public policy. Such contracts have been upheld by some courts, where the contracts were shown to be fair and the purchaser bought the expectancy at the full market value; but the weight of authority seems to be otherwise. In the instant case the consideration for the deed was $500, and the plaintiff seeks to recover something like $2000 in money and one half of the real estate.

Our own court has passed upon a case (not exactly like the one at bar) where the principle ruled is the same as that involved here. In *Trammell* v. *Inman*, 115 *Ga.* 874 (42 S. E. 246), where a marriage settlement was "entered into between C and D, wherein C conveyed to B, as trustee for certain purposes, all her rights, interests, and expectancy in the estate of her deceased husband and in the estate of her deceased father, and also her interest in and to the property of any other person by virtue of any gift, devise, or conveyance of any kind whatsoever made to her or to which she might at any time thereafter be entitled by law," it was held that such settlement was "ineffectual to convey any rights, as it was an attempt to convey a mere naked possibility without any present interest." In delivering the opinion of the court, Simmons, C. J., said (pp. 877-8): "That part of the marriage articles in which Mrs. Trammell undertook to convey to a trustee such interest as she might thereafter acquire in the property of any other person by virtue of any conveyance or by law was invalid and ineffectual. She undertook to convey property which she did not possess or have any expectation of possessing and in which she had no present interest whatever. It was no more than a mere chance. Some one might give her property other than that mentioned expressly, or she might inherit such property, or she might purchase property, and in each case it would come within the broad terms of this set-

tlement. This part of the settlement was an attempt to dispose of a bare naked possibility, which, in this State, is not the subject of grant or sale. A son can not, in law, convey to another such property as he may inherit from his father who is in life at the time of the conveyance, and yet to do so would be to convey an interest less remote than that sought to be disposed of by the marriage settlement in the present case." While the last sentence quoted from Judge Simmons is obiter, yet he recognized it to be the true rule. We think the principle decided in the *Trammell* case is decisive of the instant one. And, to the same effect, see: Purcell's Adm'r *v.* Mather, 35 Ala. 570, 573 (76 Am. D. 307) ; Stover *v.* Eyclesheimer, 46 Barb. 84, 87; Needles *v.* Needles, 7 Ohio St. 432 (70 Am. D. 85) ; Watson *v.* Dodd, 68 N. C. 528; Davis *v.* Hayden, 9 Mass. 514; Dart *v.* Dart, 7 Conn. 250; Boynton *v.* Hubbard, 7 Mass. 112; McCall *v.* Hampton, 98 Ky. 166 (32 S. W. 406, 33 L. R. A. 266, 56 Am. St. R. 335). As to a definition of an expectancy, see 2 Fearne on Rem. 22, 23.

The deed purports to convey only the "present rights in and title to and all interests that" the grantor has or may become possessed of by inheritance or deed from his mother, who was then living. This was a mere expectancy. No one is heir to the living, and consequently the grantor had nothing to convey from his mother's estate while she was in life. The deed was therefore void.

It is contended that the deed contained a covenant of warranty as to the interest conveyed, and that the grantor is estopped from denying its legality. But the interest he attempted to convey, as already shown, was nothing. The deed only purported to convey and to warrant his interest in his mother's estate; and as we have seen that he had no interest in his mother's estate to convey, the rule contended for did not apply. In the decision in *White* v. *Stewart,* 131 *Ga.* 460 (62 S. E. 590, 15 Ann. Cas. 1198), it was held: "If a deed purport to convey the right, title, and interest of the grantor in and to certain described realty, instead of conveying the realty itself, the covenants in the deed will be limited to the right or interest which the grantor has in the property."

The rulings here made being controlling of the case, the questions raised by demurrer, as to whether there is a misjoinder of parties, and whether an administrator upon the estate of Horace Springfield was the proper party to bring or authorize the present suit,

are immaterial. What we hold is that no cause of action is set out in the petition, whether brought by an administrator or by the plaintiff herself; and the court did not err in dismissing it upon demurrer.     *Judgment affirmed. All the Justices concur.*