BOSWORTH *v.* NELSON.

No. 7386.   MARCH 18, 1930.

284

*William H. Burt,* for plaintiff in error.
*DeLacey Allen* and *Howell Cobb,* contra.

HINES, J. (After stating the foregoing facts.)

In the deed from Fannie I. Nelson and Thomas M. Nelson, dated November 18, 1911, to the Albany Power and Manufacturing Company, the grantors conveyed to the grantee 104 acres of land lying north of the plant of the grantee, and lying adjacent to Muckafoonee and Kinchafoonee creeks. In this deed the grantors reserved to themselves, their heirs and assigns, the exclusive boating and fishing privileges in said creeks to the extent that the same would not interfere with the rights conveyed to the grantee in said deed, it being expressly understood that this reservation of the boating and fishing privileges should extend to and cover all the property therein and theretofore conveyed by the grantors to the grantee and that this reservation was made as a part of the consideration to support this conveyance. Under this deed the grantors reserve to themselves, their heirs and assigns, the exclusive boating and fishing privileges upon all the land conveyed by them to said company, including that conveyed by this deed, and that conveyed by the deed of August 19, 1903. The right reserved by the grantors to fish in the waters covering the lands conveyed by this deed of the grantors to said company was one to profits a prendre, which consists of a right to take a part of the soil or produce of the land in which there is a supposable value. Such a right is considered an interest or estate in the land itself, and is the principal feature which distinguishes it from a pure easement,

which is a right or interest without profit in the land constituting the servient tenement. Such a right to profits may exist without a dominant estate; whereas the general rule is that to constitute an easement there must be both a dominant and servient estate. The right to such profits may be attached to a dominant estate as an appurtenance. This right is often called an easement, but is more than an easement. It is in its nature corporeal, and is capable of livery, while easements are not, and may exist independently without connection with or being appendant to other property. 19 C. J. 870 (§ 10) F. By the common law the right to take fish belongs essentially to the right of soil in streams where the tide does not ebb and flow. If the riparian owner owns upon both sides of the stream, no one but himself may come within the limits of his land and take fish there. The same right applies so far as his land extends to the thread of the stream, where he owns upon one side only. Within these limits, by the common law, his rights of fishery are sole and exclusive. Washburn on Easements (4th ed.), 561. This is the law in this State. *Lee* v. *Mallard,* 116 *Ga.* 18 (42 S. E. 372) ; *Thompson* v. *Tennyson,* 148 *Ga.* 701 (98 S. E. 353).

The plaintiff and his mother formerly owned the Nelson place, containing about 570 acres, situated in a body, and being traversed, cut up, and divided by the waters of Muckalee, Muckafoonee, and Kinchafoonee creeks. Said place embraced and included the portions of said creeks which ran through it. They thus owned the right of fishery in the portions of these creeks running through and embraced in said place, and in the waters overflowing the 146.4 acres conveyed by them to the Albany Power and Manufacturing Company. As we have seen, this right constituted an interest or estate in this land. This right or estate they reserved unto themselves under their deed to said company. The right of profit a prendre reserved by the grantors to themselves and their heirs and assigns is one in gross, and is to be regarded as an estate or interest in land, which is inheritable if granted in fee. 19 C. J. 870 (§ 11) 2; Goodrich *v.* Burbank, 12 Allen, 459 (90 Am. D. 161) ; Baker *v.* Kenney, 145 Iowa, 638 (124 N. W. 901, 139 Am. St. R. 456) ; Washburn on Easements (4th ed.), 566. The reservation in this case was to the grantors, their heirs and assigns, and it is competent for the grantors to convey the fee and reserve to themselves,

their heirs and assigns, the boating and fishing privileges in the waters covering the land conveyed. *Holmes* v. *Marlin,* 10 *Ga.* 503; Matthews *v.* Treat, 75 Me. 594; Tinicum Fishing Co. *v.* Carter, 61 Pa. 21 (100 Am. D. 597); Beckman *v.* Kreamer, 43 Ill. 447 (92 Am. D. 146); Washburn on Easements (4th ed.), 566. This reservation created an estate in fee. Upon the death of the mother this estate descended to the son as her sole heir at law.

But it is insisted by counsel for the defendant that the interest or estate created by this reservation was one appurtenant to the land retained by the grantors, and that when the mother sold the remainder of the land to the Stackhouse Land Company these privileges passed under her deed to that company as a part and parcel of the land conveyed. We can not agree to this contention. The right to fish and boat in the waters covering the land conveyed by the plaintiff and his mother to the Albany Power and Manufacing Company was in no way necessary, or even useful, to the remainder of the farm as such, and it was not therefore appurtenant. The reservation was not made on account of the grantors being the owners of the farm, or for the benefit of the farm. The terms of the reservation indicate that these privileges were independent of the land retained, and there is nothing in the nature of the rights reserved connecting them in any manner with the ownership or use of the remainder of the farm. "For a profit a prendre in the land of another, when not granted in favor of some dominant tenement, can not be said to be an easement, but an interest or estate in the land itself." Post *v.* Pearsall, 22 Wend. 425. "Where an owner conveys part of his land, reserving therein a right of profits a prendre distinct from his ownership of the land retained, such right does not pass to the grantee where the land retained is subsequently conveyed." 19 C. J. 871 (§ 11) 2; Pierce *v.* Keator, 70 N. Y. 419 (26 Am. R. 612). So we are of the opinion that the deed from the mother to the Stackhouse Land Company did not convey these privileges, and that the defendant, who claims under that company, stands in no better position than the company itself. There is nothing to the contrary of what we hold, in *Lee* v. *Mallard, Mallet* v. *McCord,* and *Thompson* v. *Livingston,* supra. In the case first cited a part of the consideration of the deed was that the grantors were to have the right to fish in the pond to be created under the grant in that deed. Clearly this was a mere

personal right which did not descend to the heirs of the grantors. A casual inspection of the other two cases shows the difference between the rulings made in them and our ruling in this case.

It is further urged that Nelson is estopped from asserting as against Bosworth his right to the fishing and boating privileges in these waters. This claim is based upon the fact that Nelson saw that Bosworth was improving his property for an amusement resort at which boating and fishing could be enjoyed, that Nelson acquiesced in Bosworth's improving the property for these purposes without objection, and that for this reason Nelson is now estopped from asserting his claim to these privileges. It is to be borne in mind that Bosworth was improving his own property, and not that of Nelson. We know of no law which will estop an owner of property from asserting title to his own property or privileges, merely because he saw that another person was improving the latter's property for an amusement resort, although such owner may have expected to use the property improved in connection with boating and fishing in the waters of the first named owner. We know of no law which will estop one man from asserting title to his own property or privileges because he sees another improving his adjoining property, although it may be inferable from the circumstances that the latter expects to use the property or privileges of the former in connection with the improved property. One who has title to land and sees another place valuable improvements thereon, without giving notice of his title, is not thereby subsequently estopped from asserting his title. *Kemp* v. *Hammock*, 144 *Ga.* 717 (87 S. E. 1030). So Nelson was not estopped by acquiescence in asserting his title to these privileges:

Bosworth further insists that Nelson by parol license gave to him the right to use, by himself and the patrons of his resort, the boating and fishing privileges in the waters covering the land embraced in the deed in which Nelson and his mother reserved these privileges, that he expended a considerable sum in improving his resort for fishing and boating purposes, and that said license became executed and irrevocable. He insists that Nelson by reason of these facts is now estopped from asserting his title to the fishing and boating privileges in these waters. Where an owner of land gives to another permission or license to use his property in a particular manner or for a particular purpose, and where the

licensee has incurred expense in the execution of it, by making valuable improvements or otherwise, it is regarded in equity as an executed contract, and substantially an easement, the revocation of which would be a fraud on the licensee, and therefore the licensor is estopped from revoking it. *Sheffield* v. *Collier,* 3 *Ga.* 82; *Mayor &c. of Macon* v. *Franklin,* 12 *Ga.* 239; *Cook* v. *Pridgen,* 45 *Ga.* 331 (12 Am. R. 582); *Rawson* v. *Bell,* 46 *Ga.* 19; *Winham* v. *McGuire,* 51 *Ga.* 578; *Southwestern Railroad* v. *Mitchell,* 69 *Ga.* 114; *Hiers* v. *Mill Haven Co.,* 113 *Ga.* 1002 (39 S. E. 444); *Brantley* v. *Perry,* 120 *Ga.* 760 (48 S. E. 332); *Cherokee Mills* v. *Standard Cotton Mills,* 138 *Ga.* 856 (76 S. E. 373). Bosworth does not by his pleadings or evidence bring himself within this principle. He put improvements on his resort, amounting, according to his testimony, to about $850, before he claims that Nelson had ever given him license or permission to use these waters for fishing and boating by himself and patrons in connection with his resort. He did this without asking Nelson for license or permission to use these waters for these purposes in connection with his resort. He asserts and testifies that when Nelson informed him that he owned these privileges he did not take his case seriously, and went on expending more money in enlarging and completing this resort. He further denies that Nelson had title to these boating and fishing privileges. Having done so, he can not with good grace assert that he was exercising these privileges under a parol license from Nelson. He further asserts that Nelson had abandoned these privileges and lost his title to them. If it were true that Nelson had abandoned them, the right to use these privileges would not vest thereby in Bosworth. Furthermore, he does not allege that Nelson was the owner of these privileges, that Nelson gave to him the license or permission to use these privileges, and that relying on such license or permission he made the improvements at his resort. Construing his pleadings and evidence most strongly against him, as we are bound to do, it is clearly inferable that he did not treat Nelson's claim to these privileges seriously, that without giving the matter further thought he went on and expended his money in enlarging his resort, and that he did not rely on a license or permission from Nelson to make these improvements. In these circumstances his case does not fall within the principle above announced, and he is not in position to set up a license or

permission from Nelson to defeat the latter's claim to these privileges.

■ In the next place it is urged that the public and Bosworth had acquired the right to fish and boat in these waters by reason of prescription. The right to fish and take fish is not an easement, and can not be claimed under the designation of an easement. It is a right of profit in lands. Wickham v. Hawker, 7 Mees. & W. 63; Lloyd v. Jones, 6 Com. B. 81; Bland v. Lipscomb, 4 El. & B. 714; Waters v. Lilley, 4 Pick. 145 (16 Am. D. 333); Cobb v. Davenport, 33 N. J. L. 223 (97 Am. D. 718). The only mode of acquiring the right of taking profit from another's land or soil is by grant or prescription. Cobb v. Davenport, supra. Right of public and common fishery is one so universal and unqualified that it can not exist in the soil of a private proprietor, either by custom or by prescription. Mellor v. Spateman, 1 Saund, 343; Wilson v. Willes, 7 East, 121; Fitch v. Rawlings, 2 H. Bl. 398; Clayton v. Corby, 5 Q. B. 415; Cobb v. Davenport, supra. The right of fishing in unnavigable waters over or upon the soil of a private proprietor can only be acquired in this State by grant or by an uninterrupted and exclusive occupation and enjoyment, adverse to the owner of the soil, and continued for 20 years. There must be an actual and exclusive occupation and enjoyment of the fishery, adverse to the riparian proprietor. Since certainty of person as to the grantee is necessary to the validity of a grant, the general public can not acquire a right of fishery by grant or by prescription which presupposes a grant. Nor can a license to enter on land and take fish be implied from a custom or usage in the country at large, since the public generally can not accept the license. The right to take fish in any water which is not navigable, although it belongs prima facie to the owner of the soil, follows the ownership of the water if that is separated from the ownership of the soil. A right to take fish in another's fishery, being a right of profit in lands, as distinguished from an easement, can not be claimed by custom, for the reason that if such a custom were allowed it might and probably would result in the destruction of the subject-matter to which it applies. Turner v. Hebron, 61 Conn. 175 (22 Atl. 951, 14 L. R. A. 386); Shulte v. Warren, 218 Ill. 108 (75 N. E. 783, 13 L. R. A. (N. S.) 746); Waters v. Lilley, supra; Cobb v. Davenport, supra; 26 C. J. 601 (§ 14) b; Id. (§ 15) c; Id. (§ 16) d; 11

R. C. L. 1034, § 21. Where the owner of a fishery does not himself work it for profit but suffers the public to fish in it without objection, a user by an individual, which is not distinguished from that of the public, will be considered permissive, and not adverse, unless there is evidence that it was a claim of right in himself, and that the owner, knowing of such claim, acquiesced in it. Cobb v. Davenport, supra. Applying the above principles, Bosworth did not, under the facts of this case, acquire a prescriptive right of piscary in these waters. Furthermore, from the facts of this case, he did not acquire an easement to use pleasure or other boats upon these waters.

■ The plaintiff further alleged, in paragraph 11 of his petition, that the sale of permits to the general public to swim in these waters, and the diving and swimming therein by such purchasers, the same being exercised in a boisterous, clamorous, and noisy manner, interferes with his quiet and peaceful use and enjoyment of his boating and fishing privileges. His petition was duly verified; and in support of the allegations thereof, including the above, he introduced the same on the hearing. The defendant in his sworn answer denied this paragraph. He introduced his answer as evidence on the hearing of the application for injunction. Upon conflicting evidence we can not say that the judge erred in enjoining the defendant from selling to his patrons permits to swim in these waters, even if he had acquired the right to the swimming privileges from the rightful owner.

*Judgment affirmed. All the Justices concur.*