24655, 24656.   TRAMMELL v. WEST, Administrator; and vice versa.

UNDERCOFLER, Justice.   This is an appeal from a suit entered by the administrator of a deceased former wife seeking to enforce specific performance of a contract to convey real estate which was entered into between the deceased former wife and her former husband.  The contract was incorporated in and made a part of the divorce decree and provides that the husband shall pay the sum of $10 per week to the wife for a period of three years, shall convey to her at the death of his father certain property presently owned by him, and certain other property "which he will inherit upon the death of his father." On motions for summary judgment by both parties, the trial court decreed specific performance of that portion of the contract relating to the property owned by the defendant at the time of the execution of the contract and denied specific performance with respect to that property which the defendant expected to inherit from his father.  The record shows that the former husband's father is now deceased and that the former wife predeceased him.  The defendant appeals to this court on the bases that: (1) There is nothing in the record to show that the contract is fair and equitable, (2) The contract is unenforceable since the wife died before the occurrence of the event upon which the conveyance was to be made, (3) the contract constituted a promise to pay future alimony which became unenforceable upon the death of the wife before time for performance, and (4) the divorce was granted upon the husband's petition and the contract was a gratuitous promise without adequate consideration, there being nothing to show that the wife was entitled to alimony.  The trial court certified that the denial of the defendant's motion for summary judgment should be subject to review.  Ga. L. 1967, pp. 226, 238 (Code Ann. § 81A-156 (h)).

The plaintiff cross appeals contending that he is entitled to a

decree of specific performance based on his motion therefor for the property which the defendant expected to inherit from his father. *Held:*

1. The law and equity not only allow but strongly encourage private settlements of family affairs. *Code* § 20-1205; *Folds v. Folds,* 187 Ga. 463, 466 (1 SE2d 4). The husband filed suit for divorce against his wife and the record shows that they entered into a contract which compromised and settled all issues between them in the suit, except the issue of divorce. This contract was approved by the trial judge by its incorporation into the final divorce decree and the husband cannot now contend that it was a gratuitous promise, unfair, inequitable and one which could not be specifically performed. *Finch v. Finch,* 213 Ga. 199, 202 (97 SE2d 576); *Allen v. Withrow,* 215 Ga. 388, 389 (110 SE2d 663). There is no merit in these contentions of the appellant.

2. The appellant contends that his contract to convey the property is unenforceable since his former wife died before the occurrence of the event upon which the conveyance was to be made and that it constituted a promise to pay future alimony which became unenforceable upon the death of the wife before time for its performance.

The contract of the parties which was incorporated in the divorce decree provides that the husband shall convey to the wife upon the death of his father certain property which he presently owns and certain property which he will inherit upon his father's death. The contract did not provide that the wife must be in life at the time of the death of the husband's father as a condition precedent to the performance of the contract. This case falls within the rulings of this court which hold that the death of the wife does not abate alimony payments which are capable of an exact determination. *Green v. Starling,* 203 Ga. 10, 13 (45 SE2d 188); *Melton v. Hubbard,* 135 Ga. 128 (68 SE 1101); *Roberson v. Roberson,* 199 Ga. 627, 628 (4) (34 SE2d 836). These contentions of the appellant are without merit.

3. The cross appeal complains of the grant in part of the former husband's motion for summary judgment. By granting this portion of the motion, the trial judge denied specific performance of that part of the contract with respect to the property which the husband expected to inherit from his father.

This court has held many times that an attempt to convey a

bare expectancy or possibility without any present interest is void. See *Trammell v. Inman*, 115 Ga. 874 (4) (42 SE 246); *Dailey v. Springfield*, 144 Ga. 395 (87 SE 479, AC 1917D 943); *Jones v. Robinson*, 172 Ga. 746 (2c) (158 SE 752); *Moore v. Segars*, 192 Ga. 190, 197 (4) (14 SE2d 752); and *Yancey v. Grafton*, 197 Ga. 117 (1) (27 SE2d 857).

It follows that the trial judge correctly denied specific performance of that part of the contract concerning the property which the husband expected to inherit from his father and the cross appeal is therefore without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 14, 1968—DECIDED MAY 23, 1968.

*Duncan & Wall, R. F. Duncan,* for appellant.
*Jack Holland,* for appellee.