## 33125. HARPER v. HARPER.

HILL, Justice.

This is an equitable action to have title to certain real property decreed to be in the plaintiff, and for declaratory, injunctive and other relief.[1] The facts were set forth in the complaint and the written instruments sued upon were attached as exhibits. The trial court granted defendant's motion for judgment on the pleadings, and the plaintiff appeals asserting the trial court erred in entering judgment for the defendant.

The facts as shown by the complaint were as follows:

On October 17, 1972, the defendant executed a warranty deed and bill of sale to the plaintiff purporting to convey a three-fourths undivided interest in and to the grantor's (defendant's) undivided interest which he "may have now or may hereafter acquire in and to" certain described lands and other unidentified property of the grantor's aunt, Sarah Harper. The transfer tax on the deed indicated consideration in the amount of $15,000. Three months after the instruments were executed, Sarah Harper died intestate possessed of 189 acres of land in Irwin County, Georgia, and other property valued in excess of $40,000. She left two heirs at law, one of whom is the defendant.

The plaintiff asserts the transaction was a valid purchase of the grantor's interest in the described real and unidentified personal property of Sarah Harper and that the grantor received $15,000 as consideration for his interest. The grantor urges that the transaction was a loan of $15,000, that the instruments were given as a bill of sale to secure debt and security deed, that he has attempted to repay the $15,000 plus interest and that he continues to stand ready to repay the loan.

1. The plaintiff contends that Code Ann. § 29-103 is sufficient to authorize the alienability of future interests, even those contingent upon death and inheritance. That Code section provides: "A future interest or estate may be

---

[1] For previous litigation between these parties, see *Harper v. Harper,* 138 Ga. App. 575 (226 SE2d 804) (1976).

conveyed by deed; but it must operate to transfer title immediately, or the instrument will be testamentary and revocable." The bare possibility of future inheritance from a living person is not a "future interest or estate" the title to which can be transferred immediately such as is contemplated by Code Ann. § 29-103. "No one can be an heir of a living person, and before the death of the ancestor an expectant heir has no interest or estate in property which he may subsequently inherit." *Moore v. Segars,* 192 Ga. 190, 197 (14 SE2d 752) (1941). See also *Meeks v. Kirkland,* 228 Ga. 607 (1) (187 SE2d 296) (1972); *Trammell v. West,* 224 Ga. 365, 366 (3) (162 SE2d 353) (1968). Compare *Todd v. Williford,* 169 Ga. 543 (2-4) (150 SE 912) (1929), with *Trammell v. Inman,* 115 Ga. 874 (3) (42 SE 246) (1902).

A deed which purports to convey the grantor's present rights in and title to all interest he has or may become possessed by inheritance or deed from a person then living conveys a mere expectancy and is void. *Dailey v. Springfield,* 144 Ga. 395, 400 (87 SE 479) (1915). See also *Wright v. Wright,* 99 Ga. 324 (25 SE 673) (1896). The bare possibility of a future inheritance from a living person is a mere expectancy, not a future interest in real property which may be conveyed by deed. The reasons for this rule are set forth in *Dailey v. Springfield,* supra. The repeal of Code Ann. § 96-102 does not amend Code Ann. § 29-103, supra.

At the time of execution of these instruments, the defendant had no interest in the property or estate of Sarah Harper, present or future, vested or contingent, to which Code Ann. § 29-103 could apply. *Yancey v. Grafton,* 197 Ga. 117, 121-122 (27 SE2d 857) (1943); *Shockley v. Storey,* 185 Ga. 790, 791 (196 SE 702) (1938).

2. Having determined that the instruments conveyed no interest at the time of execution, there remains plaintiff's assertion that the defendant is estopped from claiming adversely to the warranty deed and bill of sale on the theory of estoppel by deed. Code Ann. § 29-111. As was stated in *Dailey v. Springfield,* supra, 144 Ga. at 400: "It is contended that the deed contained a covenant of warranty as to the interest conveyed, and that the grantor is estopped from denying its legality. But the

interest he attempted to convey, as already shown, was nothing . . . [T]he rule contended for [estoppel by deed] did not apply." Cf. *Van Dyke v. Van Dyke,* 119 Ga. 830 (47 SE 192) (1904); *Baxter & Co. v. Camp,* 126 Ga. 354, 360-363 (54 SE 1036) (1906). Where the grantor, as here, conveyed a mere expectancy, estoppel by deed is not applicable. To rule otherwise would have the effect of making valid a purported conveyance of an expectancy of inheritance where the expectancy occurs, contrary to the ruling in Division 1 of this opinion.

3. The plaintiff contends the trial court erred in finding, as a matter of law, that there was no fraud on the part of the defendant. The plaintiff asserts he relied upon representations that the defendant was authorized to handle Sarah Harper's affairs, that the defendant was empowered to sell an undivided interest in Sarah Harper's estate, and that the defendant had her power of attorney. Neither the signature of the defendant nor the body of either instrument indicates any conveyance of Sarah Harper's property by the defendant in any representative capacity. Where the deed does not purport to convey in a representative capacity, either in the body or in the signature, it has been held to pass only the individual interest of the grantor. *Holder v. American Invest. &c. Co.,* 94 Ga. 640 (2) (21 SE 845) (1894). Compare *American Freehold Land Mtg. Co. v. Walker,* 119 Ga. 341 (46 SE 426) (1903); *Belt v. Gay,* 142 Ga. 366 (2) (82 SE 1071) (1914).

The trial court determined there had been no fraud on the part of the defendant because the defendant "has continuously tendered to the plaintiff a refund of the money involved plus interest to the date of payment at the legal rate upon plaintiff's canceling the instruments in question."

It is unclear from the record whether the instruments have been canceled and which party now has the $15,000, plus interest, in question. The defendant acknowledged his debt and the trial court noted the defendant's willingness to make refund. The court's order, however, did not make a final determination as to the status of the $15,000. The trial court, having acquired jurisdiction of the subject matter and interested parties, may grant

appropriate relief, equitable or legal, so as to do complete justice. *Ammons v. Central of Ga. R. Co.*, 215 Ga. 758, 764 (113 SE2d 438) (1960); *O'Jay Spread Co. v. Hicks*, 185 Ga. 507, 512 (195 SE 564) (1937); Code Ann. § 37-105. Therefore, we remand for further proceedings not inconsistent with this opinion.

*Judgment affirmed in part, vacated and remanded in part. All the Justices concur.*

SUBMITTED JANUARY 16, 1978— DECIDED MARCH 8, 1978.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellant.

*Rogers & McCranie, Murphey Rogers, Clauye C. McCranie,* for appellee.