S98A0680. YAALI, LTD. et al. v. BARNES & NOBLE, INC. et al.
(506 SE2d 116)

FLETCHER, Presiding Justice.

At issue in this case is the existence of an easement. The trial court granted appellees' motion for summary judgment and declared that the easement did not exist. Because there was no unity of title at the purported creation of the easement and because estoppel alone cannot create an easement where none exists, we affirm.

Appellants Yaali, Ltd. and Malone's (collectively Yaali), and Appellees BN Development Company and Barnes & Noble (collectively Barnes & Noble) own adjoining parcels of land that front on Cobb Parkway. The Barnes & Noble property also abuts Jones Road. Yaali brought suit claiming that Barnes & Noble interfered with a 50-foot easement from Jones Road across the Barnes & Noble property for ingress and egress to the Yaali property.

The evidence presented on the motion for summary judgment showed that in June 1978, a predecessor in Barnes & Noble's chain of title, Citizens Jewelers, conveyed an easement for ingress and egress to Scales Corporation, a predecessor in Yaali's chain of title. At the time of the conveyance, however, Scales no longer owned the subject property, having conveyed it several months earlier to Series V, Ltd. In 1980, Scales attempted to convey the easement to Series V via a "corrective warranty deed."

1. The creation of an easement appurtenant requires that the

grantee of the easement own the dominant estate, the land benefitted by the easement.[1] This principle is known as "unity of title." Without unity of title, no easement appurtenant can be created. The evidence is undisputed in this case that no unity of title existed at the attempted creation of the easement. When Citizens Jewelers deeded the easement across its land for ingress and egress to the adjoining property, Scales no longer owned the adjoining property. Therefore, that deed did not create an easement appurtenant.[2] The deed from Scales to Series V two years later was likewise ineffective because the easement never came into being and its subsequent transfer by Scales could not cure the flaw in its creation.[3]

2. Despite the lack of unity of title, Yaali contends that Barnes & Noble is estopped to deny the existence of the easement because the deeds in both parties' chain of title refer to the easement. Yaali relies on O.C.G.A. § 24-4-24. It states: "Estoppels are not generally favored . . . estoppels include presumptions in favor of: [r]ecitals in deeds, . . ., as against a grantor, . . ., and his privies in estate, blood, and in law." This evidentiary rule prohibits a grantor from denying recitals contained within its deed;[4] it is insufficient, however, to establish title.[5]

To the extent that Division 1 of *Nodvin v. Plantation Pipe Line Co.*[6] holds to the contrary, it is wrongly decided. The *Nodvin* court's reliance on *Toland v. Brewster*[7] is misplaced. *Toland* did not permit the creation of property rights solely by estoppel. Brewster and Toland were disputing the ownership of mineral rights on Brewster's land. Deeds within Brewster's chain of title referenced a conveyance of mineral rights to T. B. Bush, through whom Toland claimed. This Court held that, although Brewster could not deny the fact of a conveyance to Bush, this did not establish Toland's rights in the minerals. Rather, Brewster could challenge the genuineness of the original deed to Bush and the subsequent deeds in the chain of title to Toland. Thus, the Court recognized a restriction on the ability of this evidentiary rule to establish interests in property.

---

[1] *Olsen v. Noble*, 209 Ga. 899, 905 (76 SE2d 775) (1953); Richard R. Powell, *Powell on Real Property*, § 34.02 at 34-17, -18 (1998).

[2] Because Yaali makes no claim based on prescription, we do not address whether this deed would satisfy the color of title requirement of O.C.G.A. § 44-5-164.

[3] *Hitchcock v. Hines*, 143 Ga. 377 (85 SE 119) (1915) (grantee can take no greater title than grantor had); see also George A. Pindar and Georgine S. Pindar, *Georgia Real Estate Law and Procedure*, § 19-20 (4th ed. 1993).

[4] See *Setze v. First National Bank*, 140 Ga. 603, 607 (79 SE 540) (1913); *Long v. Bullard*, 59 Ga. 355 (1877).

[5] See, e.g., *Yahoola River Mining Co. v. Irby*, 40 Ga. 479 (1869) (recitals of fact regarding grantors' status as heir of original owner do not establish grantors' title).

[6] 204 Ga. App. 606 (420 SE2d 322) (1992).

[7] 144 Ga. 236 (86 SE 1089) (1915).

The principle that recitals in deeds cannot overcome legal defects and pass title is consistent with the concept in property law known as estoppel by deed, which is codified in Georgia at O.C.G.A. § 44-5-44. Under this doctrine a grantor who conveys by warranty deed an interest that he does not then own, but later acquires, will be estopped to deny the validity of the first deed.[8] It is generally understood, however, that this doctrine cannot be used to transfer title or to cure flaws in the legal requirements for the creation of a property interest.[9]

The easement that Yaali is seeking to enforce failed at its attempted inception. The recognition of such a property right now based solely on estoppel exceeds the reach of estoppel by deed, whether considered as an evidentiary rule or a substantive principle of property law. Therefore, the trial court did not err in granting summary judgment to Barnes & Noble.

3. Alternatively, Yaali contends that the Citizens Jewelers' deed conveyed an easement in gross. An easement in gross does not require unity of title and is independent of any ownership of land.[10] An easement is appurtenant when the easement is created to benefit the possessor of the land in his use of the land.[11] Whether an easement is in gross or appurtenant is a question of law for the court[12] and depends upon the terms of the grant, the nature of the right, the surrounding circumstances, and the parties' intent.[13] We address these factors keeping in mind that the law favors construction of easements as appurtenant rather than in gross.[14]

The terms of the grant of the deed from Citizens Jewelers to Scales connects the easement to the parties' ownership of specific parcels of land. The deed recites a conveyance of "a non-exclusive easement over and across . . . the property of the undersigned . . ., which easement extends . . . to the western boundary of property

---

[8] Powell, *Powell on Real Property*, par. 927 at 84-114; Pindar, *Georgia Real Estate Law*, § 19-166.

[9] See *Harper v. Harper*, 241 Ga. 19, 21 (243 SE2d 74) (1978); *Perkins v. Kerby*, 308 So.2d 914, 917 (Miss. 1975) (where deed is ineffective to convey title, estoppel cannot be used to establish title). *Powell on Real Property*, par. 927 at 84-114; Pindar, *Georgia Real Estate Law*, § 19-166, n.1. See also *Bruno v. Evans*, 200 Ga. App. 437, 440 (408 SE2d 458) (1991) (where common grantor had deeded the servient estate first without reserving an easement for himself as owner of the dominant estate, his later conveyance of the dominant estate warranting an easement across the servient estate was void, even though both chains of title referred to the easement).

[10] *Stovall v. Coggins Granite Co.*, 116 Ga. 376, 380 (42 SE 723) (1902); *Powell on Real Property*, § 34.02[2] at 34-20.

[11] Restatement of Property, § 453 (1944).

[12] *Hardman v. Chamber of Commerce*, 238 Ga. 551, 553 (233 SE2d 753) (1977) (construction of deed is question of law for court).

[13] *Stovall*, 116 Ga. at 378-379; Powell, *Powell on Real Property*, § 34.02[2] at 34-18.

[14] *Stovall*, 116 Ga. at 379.

now owned by The Scales Corporation." These references to the land ownership of both parties are badges of an appurtenant easement.

The nature of the right conveyed in the deed is "for the sole purpose of ingress and egress to . . . the said property of The Scales Corporation." Generally, where a right to pass over land is given for ingress and egress, the courts construe the easement as appurtenant rather than in gross.[15] On the other hand, a typical easement in gross is for a railroad, utility lines, or pipelines.[16]

Considering the terms and the nature of the grant, the only reasonable construction is one of an appurtenant easement. Yaali has come forward with no evidence of the original parties' intent or other circumstances that support its argument for an easement in gross. Because the evidence before the trial court all favors construing the easement as appurtenant, no issue of fact exists regarding whether an easement in gross was created. To find a material issue of fact, the dissent relies on the rule preferring a construction that upholds "a deed in whole and in every part."[17] The mere existence of two possible interpretations of a deed does not in itself create an issue of material fact.[18] Furthermore, the fact that the deed was ineffective to create what it intended to create in no way justifies construing it as creating a completely different interest in property.

*Judgment affirmed. All the Justices concur, except Hunstein and Carley, JJ., who dissent. Benham, C. J., not participating.*

CARLEY, Justice, dissenting.

I concur in Divisions One and Two of the majority opinion, holding that the deed from Barnes & Noble's predecessor cannot be construed as an effective conveyance of an easement appurtenant. I do not, however, agree with the majority's holding in Division Three that the deed can only be construed in that manner. In my opinion, Barnes & Noble, as the movant for summary judgment, did not meet the burden of proving its entitlement to judgment as a matter of law, because it failed to show that the easement created by the deed to Yaali's predecessor is not a valid conveyance of an easement in gross. Accordingly, I dissent to the majority's affirmance of the trial court's grant of summary judgment in favor of Barnes & Noble.

Summary judgment may be proper even though a deed is subject to two differing interpretations. *Holcomb v. Word,* 239 Ga. 847, 848 (238 SE2d 915) (1977). It is the responsibility of the trial court to

---

[15] *Stovall,* 116 Ga. at 379-380; Pindar, *Georgia Real Estate Law & Procedure,* § 8-4, at 409.

[16] See Pindar, *Georgia Real Estate Law & Procedure,* § 8-4 at 409.

[17] *Shoaf v. Bland,* 208 Ga. 709, 711 (69 SE2d 258) (1952).

[18] See *Holcomb v. Word,* 239 Ga. 847, 848 (238 SE2d 915) (1977).

apply the rules of construction so as to determine which interpretation controls. *Holcomb v. Word,* supra. As the majority notes, where it is undisputed that a valid easement of some sort actually was granted, the law prefers construing that easement as one which is appurtenant, rather than in gross. *Stovall v. Coggins Granite Co.,* 116 Ga. 376, 378-379 (42 SE 723) (1902). Thus, if the issue here was whether to construe the deed given by Barnes & Noble's predecessor as a valid conveyance of an easement appurtenant or as a valid conveyance of an easement in gross, the law clearly prefers the former construction. However, as the majority correctly holds in Divisions One and Two, the deed cannot be construed as an effective conveyance of an easement appurtenant. Accordingly, the issue is whether the law prefers that construction of the deed as an ineffective conveyance, even over its possible construction as an effective conveyance of an easement in gross. In addressing that issue, another applicable rule of construction provides that the construction which will uphold a deed " 'in whole and in every part is to be preferred. . . .' [Cit.]" *Holcomb v. Word,* supra at 848. Thus, it is my opinion that, between construction of a deed as an invalid conveyance of an easement appurtenant or a valid conveyance of an easement in gross, the law prefers that the latter interpretation be given.

The deed from Barnes and Noble's predecessor in title provides that the purpose of the easement was for the ingress and egress by Yaali's predecessor to the property. According to the majority, a conveyance for this purpose generally is construed as an easement appurtenant, rather than in gross. However, no authority is cited for the proposition that, as a matter of law, such a conveyance can never be construed as an easement in gross. Indeed, as the majority acknowledges, the "surrounding circumstances" must be considered in determining whether an easement in gross was conveyed. *Stovall v. Coggins Granite Co.,* supra at 379. One of the circumstances surrounding the conveyance in this case is that it appears that, at the time it was made, the property was already exclusively commercial. The grant of the right of ingress and egress to commercial property, which was not owned by the grantee on the date of the execution of the deed or other instrument, can constitute the conveyance of an easement in gross primarily for the economic benefit of the grantee. See *Sandy Island Corp. v. Ragsdale,* 143 SE2d 803 (S.C. 1965). Compare *Bosworth v. Nelson,* 170 Ga. 279 (152 SE 575) (1930) (boating and fishing privileges as profits a prendre). The right of ingress and egress to commercial property is, in effect, similar to the typical easement in gross granted to a railroad, utility line, or pipeline to pass over or through property of the grantor so as to facilitate the commercial purposes of the grantee. Although this conveyance did not provide that it was assignable by Yaali's predecessor, a commercial

easement in gross is alienable as a matter of law, and requires no express language authorizing its assignment. Restatement of the Law of Property, § 489.

The majority holds that summary judgment was proper because Yaali did not come forward with evidence to support construction of the deed as the conveyance of an easement in gross. However, the initial burden was on Barnes & Noble, as the movant, to come forward with evidence that the deed was intended to be effective as the conveyance of an easement appurtenant or not at all. *Dental One Assoc. v. JKR Realty Assoc.*, 269 Ga. 616 (1) (501 SE2d 497) (1998). Because that initial burden was not met, no evidentiary burden ever shifted to Yaali. Accordingly, for purposes of summary judgment, Barnes & Noble has not shown that, as a matter of law, the conveyance from its predecessor was not an easement in gross which had as the primary purpose the economic benefit of Yaali's predecessor. Therefore, I dissent to the majority's affirmance of the grant of summary judgment in favor of Barnes & Noble.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED SEPTEMBER 14, 1998.

*Morris, Manning & Martin, Joseph R. Manning, Ann R. Schildhammer, Leslie A. Allen,* for appellants.

*Paul, Hastings, Janofsky & Walker, John G. Parker, Joseph C. Sharp,* for appellees.