Sindall *et al.* *vs.* Thacker *et al.*

CHARLES A. SINDALL *et al.*, plaintiffs in error, *vs.* H. C. THACKER & COMPANY *et al.*, defendants in error.

(BLECKLEY, Judge, having been of counsel in this case, did not preside.)

1. The return of service by the United States marshal should be treated as conclusive of such service by the state courts. Our own sheriff's returns are so treated in courts other than where they are rendered, and in the courts where rendered, they can be traversed only by making the sheriff a party.

2. Whilst the residence of the family is the legal venue of the husband and father, it is the residence he, as the head of the family, selects; nor can his wife, in his absence and without his assent, change that residence so as to change his venue.

3. Service at the house where he left his family, especialty when that family are still in the same city, and where, though the wife has sold the house and furniture, she has not delivered all the latter and parted with possession of the house, is good service, and particularly if a member of the family was still at the house and received and handed it to the defendant's attorney.

4. Appearance of the defendant and plea to the merits will cure all irregularities, if there be any, in the service, and whilst a defendant cannot give jurisdiction to a court which has none so as to bind third persons, such as other creditors of his, yet when the legal residence of the defendant, at the time of service, is in the jurisdiction, and he has been served, though it may be irregularly, his appearance and plea in such a case will operate to cure the irregularity in respect to everybody.

5. A charge of the court that a judgment attacked for fraud and collusion may be good in part, though fraudulently procured as a whole, does not hurt the party against whom it is made, if the jury, on a fair presentation of the issue of fraud or no fraud, find none at all, and sustain the whole judgment.

6. Questions of amendments and irregularities in connection therewith, in the district court of the United States, are matters of practice in that court, and will not be inquired into by the state courts. The final judgment of the court of the United States concludes them all so far as the state courts are called upon to consider and pass upon such federal judgment.

United States Courts. Service. Sheriff. Venue. Domicil. Waiver. Jurisdiction. Judgments. Before Judge HALL. Spalding Superior Court. February Term, 1875.

Reported in the opinion.

SPEER & STEWART, for plaintiffs in error.

LANIER & ANDERSON; E. W. BECK, for defendants.

JACKSON, Judge.

1. Thacker & Company moved a rule against the sheriff to show cause why certain funds raised from the sale of Sindall's property should not be paid to them. Certain creditors holding junior liens attacked the judgment of Thacker & Company, on the ground that Sindall was not served, and the United States district court for the northern district, therefore, had no jurisdiction, and on the further ground that the judgment was fraudulently obtained in that court; and again, because that court allowed an amendment of the declaration of Thacker & Company, which was never served. The United States marshal returned that he had served the defendant by leaving a copy at his most notorious place of abode, in Griffin, Georgia, which is within the northern district of Georgia. At common law this return would be conclusive, and could not be attacked at all. The statute of our state allows the return of the sheriff to be traversed, but that must be done in the court which rendered the judgment, and the sheriff must be made a party to the traverse: See *Maund vs. Keating, page* 396, and *Lamb vs. Dozier*, this term. We should certainly apply to the court of the United States either the common law rule or our own. If the former, the return of the marshal is conclusive; if our own law be applied, the return cannot be attacked except in the court which rendered the judgment, and the marshal should be made a party. This would seem to conclude the attack upon this judgment for want of service.

2, 3. But conceding that it could be attacked in the superior court of Spalding county, what are the facts and what the charge complained of. The facts are that Sindall left his family in Griffin at a house there; that at the time of service by the marshal his wife had just left it; the house and furniture was sold by her, but some of the furniture not delivered, remaining in the house, and his brother, who was in the house or returning

to it, got the service. Sindall appeared and pleaded to the case. The court charged substantially that if Sindall left his family in this house and they quit it, and some member was in it and got the paper, it was sufficient service. We think so, too. The residence of the family is the venue of the head of it, but it is the residence which he selects. They cannot change it without his assent. Where he leaves them is their home, until he chooses another for them, and there is no evidence that he had done this. They were still in Griffin ; had gone to a boarding-house. Mrs. Sindall had sold the furniture but had not delivered it all, and had sold the house, but the dominion was still hers, in respect to possession, even if she could have sold it and the furniture in the absence of her husband.

4. But the appearance and plea and then withdrawal of it, cures the service even if defective.

5. In respect to the fraud used in procuring the judgment, the only error complained of is that the court charged that if any part of the judgment was for a valid debt, that part would stand. But the jury found that all of it was right and the evidence certainly sustains the verdict. It was conflicting, but there is enough to sustain it. Hence the charge did no harm to defendant.

6. In respect to any irregularities in allowing amendments or other proceedings of like character in the United States district court, we cannot see what right the circuit court of Georgia has to interfere therewith. On the whole, we think the court below right in refusing the grant of a new trial and we affirm the judgment.

Judgment affirmed.