BROOKS *v.* THE STATE.

</div>

FISH, C. J. 1. Upon the trial of the accused under a charge of murder, where it appeared that ill feeling had existed, for a long time prior to the homicide, between him and the father of the deceased, it was not error to admit testimony on behalf of the State to the effect, that the accused stated to the witness, some four months prior to the homicide, and two days before a term of the court was to begin, that if the father of the deceased "swore that he [the accused] was drunk, he [the accused] would prosecute" the deceased for "opening mail that did not belong to him, and for seining before the law allowed it; and he could get more cases against him if he wanted to." Such testimony was admissible as tending to show the state of feeling of the accused toward the deceased.

2. It was not cause for a new trial that the judge refused to order a mistrial, upon motion of the accused, on the ground the solicitor-general, in his concluding argument to the jury, stated to them: "There are murders all over the country going unpunished.; you do not have to look to the papers for them; the report of them is ringing over the telephone wires; you can count on your fingers a number of murders all over the

country going unpunished," when the judge, in overruling the motion for a mistrial, instructed the jury as follows: "You have nothing to do with any other case. You will not consider it. You will consider solely the question in this case." Nor was it cause for a new trial that when the solicitor-general subsequently, in his argument to the jury, stated that "there were too many juries in this country undertaking to constitute themselves a pardoning board," and counsel for the accused objected to such remark, the court merely directed the solicitor-general to "Stay within the evidence of this case, and don't go outside," and failed to caution the jury not to consider such statement of the counsel for the State.

3. The instructions given by the court as to the law of involuntary manslaughter in the commission of a lawful act without due caution and circumspection were sufficient, in the absence of a request for more specific instructions upon that subject, if indeed there was any evidence authorizing such instructions.

4. There was ample evidence to authorize the verdict, and the court did not err in refusing to grant a new trial.

                 *Judgment affirmed. All the Justices concur.*

                       JULY 13, 1910.

Indictment for murder. Before Judge Morris. Forsyth superior court. April 30, 1910.

*H. L. Patterson,* for plaintiff in error. *John C. Hart, attorney-general,* and *J. P. Brooke, solicitor-general,* contra.