37709. BELL *v.* STEVENS *et al.*

DECIDED SEPTEMBER 9, 1959—REHEARING DENIED OCTOBER 1, 1959.

*Woodruff, Latimer & Savell, Edward L. Savell,* for plaintiff in error.

*Reeves & Collier,* contra.

GARDNER, Presiding Judge. ■ The plea to the jurisdiction alleges that the defendant is and has been for approximately ten years a citizen and resident of the State of Georgia; that he has never changed his legal residence from Georgia nor done any act in contemplation of a change; that he is a captain in the United States Army subject to assignment as prescribed by the Department of Defense; that after receiving notice of a change of assignment to overseas duty he did, on July 31, 1958, sell his home in DeKalb County and on that date he and his family finally left the county without any present intention to return to that county; that while awaiting military orders he is temporarily residing at Fort McPherson, in Fulton County, Georgia, and the Superior Court of Fulton County and/or the United States District Court for the Northern District of Georgia has jurisdiction over him; that at the present time he has no permanent place of abode within the State of Georgia but intends to establish such place of residence within the State when his military assignments permit.

Taking the statements of the plea as true against demurrer, it affirmatively alleges that the defendant is a resident of and domiciled in the State of Georgia; that he has no fixed place of abode in this State; that he definitely and finally removed himself from DeKalb County on July 31, 1958, with no intention of returning to that county, and accordingly was not a resident of or domiciled in the county on August 5, 1958, when the DeKalb County sheriff's return shows notorious service by leaving a copy of the petition at his "place of abode" within DeKalb

County. He further alleges facts to show that his present habitation anywhere within the State of Georgia is, as of the present, necessarily temporary on account of his military assignments and that at this time, although he has not and does not intend to remove his domicile from Georgia, he has no fixed and permanent place of abode therein, but is temporarily located in Fulton County, for which reason the Superior Court of Fulton County has jurisdiction over him. The defendant thus fits himself neatly within the provision of Code § 79-402 which provides in part as follows: "Transient persons whose business or pleasure causes a frequent change of residence, and having no family permanently residing at one place in this State, shall be held and deemed, as to third persons, to be domiciled at such place as they at the time temporarily occupy." It was held in *Crawford* v. *Wilson*, 142 *Ga.* 734 (1) (83 S. E. 667) that the domiciliary provisions of this section are sufficient to meet the residence provisions of the Constitution (in this case Code § 2-4906) that actions shall be tried in the county in which the defendant resides. While it has frequently been held that a domicile once established continues until a new domicile is acquired (see *Williams* v. *Williams*, 191 *Ga.* 437, 438, 12 S. E. 2d 352; *Dicks* v. *Dicks*, 177 *Ga.* 379, 384, 170 S. E. 245; *Barrett & Williford* v. *Black, Cobb & Co.*, 25 *Ga.* 151, 152) these cases deal either with bona fide residence within the State (rather than a county thereof) or with questions of change of residence where the permanent intention to abandon the old residence does not unequivocally appear. The plea to the jurisdiction sets out an issuable defense and meets the requirements of Code § 81-502, for which reason it was error to dismiss it on demurrer.

■ Should the plea to the jurisdiction be sustained on the trial thereof the ruling on the traverse of service would become moot. However, Code § 79-402 also provides in part: "If a person shall reside indifferently at two or more places in this State, such person shall have the privilege of electing which shall be his domicile, and if such election shall be made notorious, the place of his choice shall be his domicile. If no such election shall be made, or if made is not generally known among

those with whom he transacts business in this State, third persons may treat either one of such places as his domicile, and it shall be so held; and in all such cases a person who shall habitually reside a portion of the year in one county and another portion in another shall be deemed a resident of both, so far as to subject him to suits in either for contracts made or torts committed in such county." Should it appear on a trial of the issue that the defendant's position falls within either of these categories, then a suit might proceed in DeKalb County regardless of whether or not a suit instituted in Fulton County might also be prosecuted on the same cause of action. We will accordingly deal with both types of service which were attempted in this case.

██ The return of service on the original process is as follows: "Georgia, DeKalb County: I have this day served the defendant, C. O. Bell, by leaving a copy of the within writ and process at his most notorious place of abode in this county. This Aug. 5, 1958. Wm. C. Broome, Deputy Sheriff." The traverse joins Mr. Broome, the deputy sheriff who made the service, and also the Sheriff of DeKalb County as parties and alleges that the return of service is untrue in that at said time the defendant had no place of abode within the county. An issue of fact is accordingly raised by these allegations, and it was error for the trial court to sustain the general demurrer and dismiss the traverse. Even though one be legally domiciled within the county, so that, had he been personally served therein the service would be good, notorious service by leaving a copy of the process at a house which the defendant has sold and from which he and his family have moved would not be sufficient, since such house would no longer be the habitation of the defendant. *Fincher & Womble* v. *Hanson*, 12 *Ga. App.* 608, 611 (77 S. E. 1068). That the contrary would be true if the family had not in fact completely left the house with their belongings, see, however, *Sindall* v. *H. C. Thacker & Co.*, 56 *Ga.* 51(3).

██ There was personal service upon the defendant in Fulton County by a Sheriff of Fulton County who made his return upon a second original and returned it to the Superior Court of DeKalb County. The timely written motion to vacate this or-

der of service was improperly denied by the trial court for the reason that the service is, on its face, void. While under the Act of 1945 (Ga. L. 1945, p. 147; Code § 81-221) the sheriff of the county in which the suit is pending may serve a resident defendant in any county in the State, under Code § 81-215 the sheriff of a county other than the county in which the suit is pending may serve such defendant only if the defendant is a nonresident of the county in which the suit is pending. While the case of *American Fidelity &c. Co.* v. *Farmer*, 77 *Ga. App.* 166 (48 S. E. 2d 122) contains language indicating that service by the sheriff of the county where the defendant is found is sufficient, this is true only when the defendant is a nonresident of the State, as it was in that case.

The trial court erred in sustaining the demurrers to the defendant's special pleas and dismissing them.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*