## 28275. LOWRY et al. v. NORRIS LAKE SHORES DEVELOPMENT CORPORATION.

INGRAM, Justice. This appeal is from the grant of a summary judgment by the Superior Court of Gwinnett County in an equitable action brought by the appellants seeking injunctive relief against the appellee.

The case began with a complaint filed by appellant Frank Lowry alleging that he and others purchased lots at Norris Lake Community, a residential development located in Gwinnett and DeKalb Counties, under deeds which contractually obligated the appellee to furnish water to appellants at a fixed rate of ten dollars per quarter year in advance on a permanent basis. The complaint further alleged that despite this obligation the appellee had advised all their water customers at Norris Lake to purchase

water meters by a certain date or have their water cut off. Other lot owners intervened in the case, and the appellants sought to enjoin the appellee from shutting off or threatening to shut off their water or the water of any member of the Norris Lake Property Owners Association.

The appellee filed a motion for summary judgment in the case and after a hearing, this was granted by the trial court. The motion for summary judgment was based upon the ground that the sole issue in the case was whether under the deeds, by which appellants held title, the appellee could lawfully "install water meters and charge a fee for a water meter." The motion asserted that this issue could only be determined by the court's construction of the deeds in question. During the proceedings in the trial court appellants attempted to show certain parol representations were made by appellee's salesmen at the time their lots were purchased to the effect that water could be purchased from appellee at a cost of only ten dollars a quarter in perpetuity.

The trial court's order granting summary judgment in favor of the appellee recites: "The deeds under which the property owners hold their lots have been set out in evidence in this case. There is no covenant whatsoever in said deeds placing any obligation at all upon defendants to furnish any water to any person at any price. The fact that defendants have in the past furnished water to plaintiffs did not obligate them to continue to do so. There is nothing in the instruments under which plaintiffs hold title to obligate defendants to furnish water at any price or to maintain a minimum price in the future. Defendants, being under no obligation to furnish water to plaintiffs, are not estopped from assessing whatever price they see fit nor from providing under what conditions said water would be provided."

The record before this court does not contain a transcript of the evidence considered by the trial court on the motion for summary judgment. The notice of appeal states that the "transcript of evidence and proceedings will not be filed for inclusion in the record on appeal." Therefore we must necessarily assume the trial court was correct in its finding that there is no deed provision or covenant obligating the appellee to provide water to appellants at a price of ten dollars a quarter in perpetuity. See *Ward v. National Dairy Products Corp.*, 224 Ga. 241 (161 SE2d 305).

Appellants argue in seeking a reversal of the trial court's judgment that oral representations made by salesmen at the time

appellants purchased their lots equitably estop the appellee from refusing to sell water to appellants at a price of ten dollars a quarter forever. The only support in the record for this argument is found in an exhibit containing instructions given to salesmen for prospective purchasers to be told that this was the best drinking water in Georgia, that it was from a private water system, and that the cost of the water (after a tap-in fee of one hundred fifty dollars was paid) would be only ten dollars a quarter exclusive of swimming pool use. An additional exhibit indicates that appellee discontinued this policy as "many people abuse this privilege because of the flat fee system and water was tremendously wasted." It further indicates the rate now charged for water is the same rate charged by the county.

This evidence falls short of creating an equitable estoppel or any contractual obligation on the part of the appellee to furnish water to appellants for any specific period of time at a designated rate. "The doctrine of estoppel by representation is ordinarily applicable only to representations as to facts either past or present, and not to promises concerning the future which, if binding at all, must be binding as contracts." *Fields v. Continental Ins. Co.,* 170 Ga. 28 (1b) (152 SE 60). There is no contention by appellants that the oral representations made by the salesmen to them were intended to be included in their deeds and were omitted therefrom through fraud or mutual mistake. We find no error in the trial court's resolution of the case through the grant of summary judgment in favor of the appellee.

*Judgment affirmed. All the Justices concur.*

Submitted September 14, 1973 — Decided January 7, 1974.

*Herbert T. Jenkins, Jr., Fred W. Minter,* for appellants.
*Webb, Fowler & Tanner, Robert Duncan,* for appellee.