## 31517. PEARSON et al. v. SHADIX.

JORDAN, Justice.

This appeal is from a judgment entered on a verdict of a jury in a disputed boundary line case.

The appellee filed a complaint against the appellants alleging that they had appropriated a portion of his land and had erected a fence preventing him from having access to a portion of his concrete driveway turn-around. He demanded injunction, recovery of possession of the property taken, and damages. The jury found in his favor.

The appellee owns lot 6, and the appellants own lot 8, in the Cherokee Manor Subdivision. The boundary dispute between them arises from the fact that the recorded plat of the subdivision shows the common dividing line between lots 7 and 8 as 175 feet, as to lot 7, and 200 feet, as to lot 8, measured from Wenona Street. The appellee's lot 6, on its south side, borders on both lots 7 and 8, and the shape of his lot on the south side, and its total area, are determined by the location of the point where the common boundary line between lots 7 and 8 ends at his line.

James Gunter was the subdivider of the property and the common source of title of both parties. In 1967 he sold lot 7 to Larry Joe Crawford, describing the common boundary line between lots 7 and 8 as being 175 feet. Gunter built a house on lot 6 and in 1968 sold this house and lot to the appellee, the deed describing it by lot number, distances, and the dividing lines of the subdivision lots. In February, 1969, Gunter sold several lots in the subdivision to John F. Carson, including lot 8. In June, 1969, Carson conveyed lot 8 to the appellants. This deed described the line between lots 7 and 8 as being 200 feet.

Gunter testified that when he built the house on lot 6 the marker indicating the point where the common line of lots 7 and 8 ended at the south line of lot 6 was 175 feet from Wenona Street, and he placed a part of the driveway turn-around between this marker and the point where the marker would have been if placed 200 feet from Wenona Street. Since the physical marker on the ground at the time Gunter sold lot 6 to the appellee was 175 feet from Wenona Street along the common line between lots 7 and 8, the appellee acquired his land with the shape and area it would have with that measurement.

It is axiomatic that after a grantor has sold land to one grantee, he cannot thereafter convey legal title to the same land to another grantee. Gunter could later convey to Carson, predecessor in title of the appellants, only that portion of lot 8 as shown on the plat which he had not previously conveyed to the appellee. Although Carson attempted to convey to the appellants a lot measuring 200 feet on the common line of lots 7 and 8, the jury was authorized to find under the evidence that the deed was effective to convey only 175 feet on this line.

The evidence authorized the verdict, and the trial judge did not err in refusing to direct a verdict in favor of the appellants, or in denying their motions for new trial and the judgment notwithstanding the verdict.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

SUBMITTED SEPTEMBER 21, 1976 — DECIDED OCTOBER 26, 1976.

*William G. Posey,* for appellants.
*Marson G. Dunaway, Jr.,* for appellee.