## 55065. EDWARDS et al. v. THE STATE.

DEEN, Presiding Judge.

Appellants bring this appeal from their conviction for theft by receiving and sentence to five years imprisonment.

1. Appellants contend that the trial court erred in not ordering the production of appellants' co-indictee as a witness for trial as permitted under Code Ann. § 38-2001. The witness had previously pled guilty and was in the custody of the State Board of Corrections. Code Ann. § 38-2001 (c) provides that, "where the judge, after examining into the matter, determines that the prisoner's presence is required by the ends of justice and . . . the party requesting it is financially unable to make said deposit, . . . expenses shall be taxed as cost of the court." Although appellants had filed affidavits of poverty with the court, "[t]he trial judge must exercise a sound judicial discretion in determining whether the presence of the witnesses is 'required by the ends of justice.' " *Phillips v. Hopper,* 237 Ga. 68, 71 (227 SE2d 1) (1976). Thus, appellants are required to make some showing of need. *Reid v. State,* 119 Ga. App. 368 (5) (166 SE2d 900) (1969). "Need" consists of a showing of what is expected to be proved by each witness and how it bears on the case to be tried. *Reid v. State,* supra. At the hearing on appellants' motion, appellant Edwards testified that the prisoner "could" testify that other people came and went freely in the motel room where appellants were arrested and that the room was under no one's exclusive control, but he did not state that she would so testify. When asked by the court if he *knew* what the witness would testify to, counsel for appellant replied that he did not know because his only knowledge of the expected testimony was what appellants had told him they "thought" she would say. Such conclusions are insufficient to satisfy a showing of need. *Spurlin v. State,* 228 Ga. 2 (183 SE2d 765) (1971). Based on a review of the transcript of the hearing, we hold that the trial court did not abuse its discretion in denying appellants' motion.

2. In their second enumeration of error, appellants contend that the trial court erred in refusing to permit them to submit evidence on their own behalf at the

hearing on the motion to suppress evidence. This contention is without merit. One of the arresting officers testified on behalf of the state and was cross examined by appellant. At the conclusion of the cross examination, the judge ruled that under the totality of the evidence, the evidence sought to be suppressed was admissible and overruled the motion. Appellants' counsel then requested that the defendants be permitted to testify. The judge replied that he had overruled their motion, but would be willing to hear what they had to say if they wished to take the stand. As appellants did not take the stand and offer testimony, they cannot now complain that the trial court summarily refused to hear from them. As there is no attack on the findings of the trial court, such findings will not be disturbed on appeal. *McFall v. State,* 235 Ga. 105 (218 SE2d 839) (1975).

3. Appellants' third enumeration of error alleges that the trial court erred in overruling their motion for a directed verdict because the evidence was insufficient to sustain the verdict. We disagree with this contention; an examination of the record reveals ample evidence, part of which included finding one of defendants wearing the victim's boots, to sustain the jury verdict.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 4, 1978 — DECIDED FEBRUARY 1, 1978.

*Sliz & Rees, W. E. Rees,* for appellants.

*Bryant Huff, District Attorney, William P. Rowe, III, Dawson Jackson, Assistant District Attorneys,* for appellee.