## 59933. BRAND v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant was convicted of a violation of the Georgia Controlled Substances Act by attempting to obtain a controlled substance (Preludin) by use of a forged prescription. Defendant testified that he was obtaining the drugs for the patient named in the prescription who was then too drunk — in a car outside the pharmacy, to come into the pharmacy to have the prescription filled. The doctor whose name appeared on the prescription testified that it was not his signature and he never prescribes "Preludin" in this manner. Neither did he know the defendant nor the person named as his patient in the prescription.

Counsel for defendant presented a motion for a writ of habeas corpus ad testificandum for four named persons who were then in confinement in the custody of state and municipal authorities. It was alleged that the four witnesses "have told Defendant and are willing

to testify that the prescription which Defendant was charged with having forged and attempted to have filled was in fact written by the doctor whose name appeared thereon and that the person with whom the Defendant was arrested was given this prescription by said doctor." This petition was verified and sworn to by the defendant Brand.

The court was presented with the motion on Monday March 26, 1979 at the time the case was called for trial. The motion stated and counsel so advised the court that he had been told by the District Attorney on the preceding Friday, March 23, 1979, at 4:00 p.m. in the afternoon, that this case would be tried the following week. We note that the offense occurred December 29, 1977, and defendant had been indicted upon a special presentment returned March 21, 1978. Both the defendant and his counsel complained throughout the trial of the failure of the state to bring this case to trial and the frequent postponements obtained by the state. The state did not contest these statements by argument or evidence.

The court advised counsel that unserved witnesses were not grounds for a continuance, but after being advised that defendant's counsel was notified of trial only on Friday afternoon for trial on the following Monday and that counsel "didn't know when to subpoena these people to trial until [he] found out" the date of trial from the State, the Court ruled "that is insufficient to require a continuance . . . I'll grant you a writ to obtain them but if they can't be brought here during the trial I'm holding that it is insufficient for a continuance . . ." After striking the jury the Court ruled: "I'm just trying to determine right now whether I can justify here in the middle of court sending the sheriff and his deputies to get four people that I don't know are material. That's my whole decision." After the conclusion of the State's evidence the first day, the Court stated: ". . . before I put the sheriff and the county to the expense of going for them I would have to know that they would be material if you decided to use them . . . I'm not going to send for prisoners that I do not have some indication, and I don't believe there's enough in your request at this stage coupled with the evidence that I have heard so far. Now, it may be. That's the reason I say if you want to make a showing that would indicate to me anything to support this motion I'll be glad to hear from you. [Defendant's Counsel]: Your Honor, that's really about all we've got. I don't want to mislead the court. The Court: Well, you seem reluctant to put your client up to that. Of course it would be confined to that but if you don't want to then that's your business. I'm saying that with the evidence I've heard here today coupled with this motion that I don't believe it's enough to justify sending for them." The motion was denied. The defendant appeals his

conviction. *Held:*

There was but one issue before the Court. Whether the doctor signed the prescription or whether it was forged? Evidence tending to establish that it was forged or that it was genuine would be relevant and material. *Alexander v. State,* 239 Ga. 108, 110 (236 SE2d 83). " 'When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them.' " *Toole v. State,* 146 Ga. App. 305 (7) (246 SE2d 338).

We will note that this trial was in Douglas County and two of the defendant's witnesses were being held in the adjacent county of Fulton. See Code Ann. § 38-112 (Code § 38-112) as to judicial notice. The State gave defendant notice of one business day to the next of the date of trial. The defendant then gave the State one business day's notice of the witnesses he desired subpoenaed via use of habeas corpus. The trial court made no effort to arrange for attendance of witnesses from a few miles away from the site of the trial. The court's ruling was: ". . . to determine right now whether I can justify here in the middle of court sending the sheriff and his deputies to get four people that I don't know are material. That's my whole decision."

The court had before it a verified petition, sworn to by the defendant, that the witnesses would testify "that the prescription which Defendant was charged with having forged and attempted to have filled was in fact written by the doctor whose name appeared thereon and that the person with whom the Defendant was arrested was given this prescription by said doctor."

Credibility is for the jury. Code Ann. § 38-1805 (Code § 38-1805). Admissibility — including any issue of materiality, is for the trial court. Green, Georgia Law of Evidence 22, § 9. However, neither the trial court nor this court generally should determine what testimony is unworthy of belief. Suffice it to say, the State qualified the pharmacist as an expert witness and he testified that he became suspicious and called the police when the defendant presented the prescription because "the doctor was a doctor in internal medicine and had a specialty in cardiology . . . The study of heart disease and the treatment of heart disease. This drug is counter-indicated in most cases. . . Should not be used in people with heart disease. So it seemed a little bit unusual a doctor with this specialty using this type of drug . . ." This expert for the State identified "Preludin" as an "upper" in the amphetamine family, which had side effects of "excitation, heart palpitations, [and] increase in blood pressure." The same pharmacist testified that he occasionally moonlighted in other pharmacies and had filled prescriptions for this drug by this doctor in drug stores in

College Park and on one particular day "on Old National Highway . . . I had three to four prescriptions come in for the same drug from the same doctor . . ." This witness also identified two prescriptions from his files for "Preludin" by this doctor for a patient who lived on Ponce de Leon Place even though the doctor was from North Atlanta and the prescription was being filled in Douglasville. When he testified to filling "three [prescriptions] within a very short span of time" for this drug for this doctor, the witness was asked if this was suspicious. He replied: "Yes . . . That he was writing prescriptions possibly for folks that didn't need them . . ."

Habeas corpus ad testificandum lies for the production of witnesses in confinement. See Code Ann. § 38-1505 (Code § 38-1505); Code Ann. § 38-2001 (Ga. L. 1956, pp. 161, 181; 1969, pp. 607, 608); Code Ann. § 50-122 (Code § 50-122). The Code states that the writ should issue when the person's presence is required "by the ends of justice" and such a determination is made by the trial judge. *Edwards v. State,* 144 Ga. App. 665 (242 SE2d 326). "Some *showing* of need is contemplated." *Reid v. State,* 119 Ga. App. 368 (5) (166 SE2d 900). As with all such determinations by the trial court an appellate court would not reverse absent a clear showing of abuse of discretion or such finding is clearly erroneous.

The trial court based its ruling upon the ground that the witnesses were not material. We find such ruling to be clearly erroneous. We will not attempt to judge the credibility of the witnesses but reserve that for jury determination. As the only issue was whether or not the prescription was forged, a statement that the witnesses would testify that the prescription was not forged and was delivered to the patient named in the prescription would be relevant and material to the issue of guilt or innocence. The sworn statement of expected testimony was sufficient showing of materiality and need. The trial court erred in failing to require the production of a minimal number of the witnesses.

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED MAY 13, 1980 — DECIDED JUNE 2, 1980.

*W. O'Neal Dettmering, Jr.,* for appellant.
*William A. Foster, III, District Attorney,* for appellee.