## 40379. TUGGLE v. TUGGLE.

WELTNER, Justice.

This interlocutory appeal raises questions involving jurisdiction and service of process.

The wife filed her sworn complaint for divorce in the Superior Court of Gwinnett County, alleging that her husband was a resident of that county. The husband was served by second original in DeKalb County.

By special appearance, he moved to dismiss the complaint for lack of jurisdiction, and alleging that he was a resident of DeKalb County. The trial court heard evidence on this issue and denied the motion.

1. The record contains no transcript of the evidence. We therefore must assume that the trial court was correct in its factual finding relative to venue. *Lowry v. Norris Lake Shores Dev. Corp.,* 231 Ga. 547 (203 SE2d 169) (1974).

2. The husband claims error in the service of process by second original, relying upon *Long v. Ga. Farm Bureau Mut. Ins. Co.,* 155 Ga. App. 702 (272 SE2d 565) (1980) as support for his contention that service may be made by second original only where there are two or more defendants, one of whom resides in the county where the action

is brought, and another in some other county.

Our Civil Practice Act provides that "[p]rocess shall be served by the sheriff of the county where the action is brought *or where the defendant is found. . . ."* OCGA § 9-11-4 (c) (emphasis supplied). (Code Ann. § 81A-104). "All process may be served anywhere within the territorial limits of the state and, when a statute so provides, beyond the territorial limits of the state." OCGA § 9-11-4 (f) (Code Ann. § 81A-104). These provisions authorize service upon a defendant in a county other than that of his domicile, and other than that in which the action is filed. As to the validity of service by second original, OCGA § 9-10-72 (Code Ann. § 81-215) states: "[i]f any of the defendants reside outside the county where the action is filed, the clerk shall issue a second original and copy for such other county or counties and forward the same to the sheriff, who shall serve the copy and return the second original, with his entry thereon, to the clerk of the court from which the same issued." The *only* difference between the copy of complaint and process served upon the husband in this case and that of the usual circumstance is that his copy has thereon the words "Second Original to DeKalb County."

We have long ago departed that realm of law where runes and sigils supplant reason and substance.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 4, 1984.

*George P. Graves,* for appellant.
*Don M. Jones,* for appellee.