## S00A0161. ELROD v. ELROD.
### (526 SE2d 339)

CARLEY, Justice.

In 1970, John Elrod Sr. conveyed an easement across his Fannin County property. The successor to the grantee of the easement reconveyed the easement to Bertha Elrod, who acquired title to the property after Mr. Elrod Sr.'s death. In 1974, Ms. Elrod deeded the property in fee simple absolute to Appellee Evangeline Elrod. Thereafter, Appellee cultivated the land, and Ms. Elrod made no claim to or use of the former easement. In 1988, however, Ms. Elrod executed a deed purporting to transfer title to the easement to Appellant Franklin Elrod. Seeking to resolve the validity of Appellant's claim to the easement, Appellee filed in the Superior Court of Fannin County this action to quiet title to the property. The jury returned a verdict in

---

[8] *Gustafson v. Wesley Foundation*, 266 Ga. 679, 680 (469 SE2d 160) (1996).

favor of Appellee, and Appellant appeals from the judgment entered by the trial court on that verdict.

1. At the time the suit was filed, Appellant was incarcerated in Baldwin County, and he was personally served there. Citing OCGA § 9-10-72, Appellant contends that the Superior Court of Fannin County nevertheless lacks personal jurisdiction over him because service was not perfected by the Sheriff of Baldwin County pursuant to delivery of a second original complaint and summons.

Under the Civil Practice Act (CPA), it is immaterial whether the Sheriff of Fannin County or the Sheriff of Baldwin County personally served Appellant or whether that service was accomplished by delivery of the original or second original. OCGA § 9-11-4 (c), (f). When presented with this issue in *Tuggle v. Tuggle*, 251 Ga. 845, 846 (310 SE2d 224) (1984), the late Justice Weltner observed for a unanimous Court that "[w]e have long ago departed that realm of law where runes and sigils supplant reason and substance." See also *Ga. Power Co. v. Harrison*, 253 Ga. 212, 214 (1) (318 SE2d 306) (1984). Accordingly, any case which is inconsistent with the controlling authority of *Tuggle* has no current viability and is, therefore, hereby overruled. See, e.g., *Victoria Corp. v. Fulton Plumbing Co.*, 150 Ga. App. 540, 542 (2) (258 SE2d 252) (1979); *Bell v. Stevens*, 100 Ga. App. 281, 284 (2) (b) (111 SE2d 125) (1959).

Under OCGA § 9-10-72, service could be perfected through delivery of the second original to Appellant by the Sheriff of Baldwin County. Under the CPA, however, service was also valid if the original was delivered by the Sheriff of either Fannin or Baldwin County. It is undisputed that Appellant was served personally with the complaint and summons by an authorized person. Compare *Zimmerman v. Hammer*, 220 Ga. App. 864 (470 SE2d 688) (1996). The Superior Court of Fannin County correctly held that it had personal jurisdiction over Appellant for purposes of resolving this dispute over title to property located in that county. *Tuggle v. Tuggle*, supra.

2. Appellant urges that, pursuant to OCGA § 24-4-24 (b) (4), Appellee is estopped to contest his title to the easement. The estoppel recognized by that statute applies to "[a]ncient deeds and other instruments more than 30 years old . . . ." Not only is Appellant's 1988 deed too recent to be considered "ancient," it also postdates the conveyance to Appellee by more than ten years. Under these circumstances, estoppel has no legal significance, since that principle "cannot be used to transfer title or to cure flaws in the legal requirements for the creation of a property interest." *Yaali, Ltd. v. Barnes & Noble*, 269 Ga. 695, 697 (2) (506 SE2d 116) (1998). In order to recover, Appellant must prove that his title is superior to that claimed by Appellee under her prior deed, and he cannot prevail merely by contending that Appellee is estopped to contest his title under the subse-

quent conveyance. Compare *Toland v. Brewster*, 144 Ga. 236, 239 (1) (86 SE 1089) (1915) (estoppel to deny grantor's previous conveyance of easement specifically referenced in grantee's subsequent deed).

> "[W]here there is a union of an absolute title to and possession of the dominant and servient estates in the same person, it operates to extinguish any such easement absolutely and forever, for the single reason that no man can have an easement in his own land." [Cits.]

*Muscogee Mfg. Co. v. Eagle & Phenix Mills*, 126 Ga. 210, 218-219 (54 SE 1028) (1906). Thus, when Ms. Elrod acquired title to the easement, that lesser estate merged into her greater estate in the property. OCGA § 44-6-2. When she conveyed the property to Appellee in 1974, she did not expressly reserve an easement across the property and no easement was implied. See *Deas v. Hughes*, 264 Ga. 9 (440 SE2d 458) (1994). Subsequent to her conveyance of the property, Ms. Elrod did not acquire a prescriptive easement across Appellee's land. "It is axiomatic that after a grantor has sold land to one grantee, he cannot thereafter convey legal title to the same land to another grantee." *Pearson v. Shadix*, 237 Ga. 817, 818 (229 SE2d 653) (1976). Thus, at the time Ms. Elrod executed the deed to Appellant in 1988, she herself had no title to the easement which she attempted to convey to him. The evidence demanded the verdict in favor of Appellee, and Appellant's claim of title by estoppel is completely without merit.

3. Appellant further contends that he must prevail because of pre-trial admissions by Appellee or her agents of the validity of his claim to the easement. The admissions were irrelevant and inadmissible, however, as they clearly were made with a view to compromising Appellant's questionable claim. OCGA § 24-3-37; *Newton Bros. v. Shank*, 240 Ga. 471 (241 SE2d 231) (1978).

4. Appellant urges that the trial court's disposition of certain of his pre-trial motions denied him due process and a fair trial. As discussed in Division 1, the trial court correctly denied Appellant's motion to dismiss. Because the record clearly shows that Appellant's motion to disqualify Appellee's counsel was groundless, the trial court also properly denied that motion.

The denial of Appellant's application for issuance of a writ of habeas corpus ad testificandum compelling his production at the trial is a closer question, as he was a party to the action. It is clear, however, that Appellant, as a prisoner, has no constitutional right or "fundamental interest in being present at the trial of a civil action to which he is a party, sufficient to outweigh, as a matter of course, the interest of the state in avoiding expense." *In the Matter of the Warden of the Wisconsin State Prison*, 541 F2d 177, 180 (III) (7th Cir. 1975).

Issuance of a writ of habeas corpus ad testificandum is predicated upon a prisoner's showing that the ends of justice require his presence. *Brand v. State*, 154 Ga. App. 781, 784 (270 SE2d 206) (1980). Whether there is a need for a prisoner's presence is a discretionary determination, and the trial court's decision in that regard will not be reversed in the absence of a clear abuse of its discretion. *Phillips v. Hopper*, 237 Ga. 68, 71 (227 SE2d 1) (1976); *Brand v. State*, supra at 784; *In the Matter of the Warden of the Wisconsin State Prison*, supra at 181 (III). To demonstrate "need," the prisoner must show what he expects to prove and how that proof bears on the case. *Reid v. State*, 119 Ga. App. 368, 371 (5) (166 SE2d 900) (1969). In his application for the writ, Appellant made no viable showing why he should prevail as against Appellee's clear claim of title to the property under the 1974 deed from Ms. Elrod. Since his application failed to show the existence of any relevant and material question of law or fact upon which he might arguably assert that his title was superior to that of Appellee, the trial court did not abuse its discretion in denying the application for the writ. See *Edwards v. State*, 144 Ga. App. 665 (1) (242 SE2d 326) (1978); *Reid v. State*, supra at 370 (5); *In the Matter of the Warden of the Wisconsin State Prison*, supra at 181 (III).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 14, 2000 —
RECONSIDERATION DENIED MARCH 10, 2000.

Franklin D. Elrod, *pro se.*
*Roger E. Bradley*, for appellee.