## S05A1495. ROZAR v. DONALD et al.

(622 SE2d 850)

HINES, Justice.

This Court granted inmate Scott Lee Rozar's application for discretionary appeal from a January 14, 2005 order of the Superior Court of Fulton County dismissing his petition for writ of mandamus for "want of prosecution."[1] The issue is whether the superior court erred by dismissing the mandamus petition filed by Rozar, an incarcerated party, based upon his failure to appear at a hearing in the matter, when the superior court did not grant Rozar's motion for issuance of a writ of habeas corpus ad testificandum. For the reasons which follow, it must be concluded that the superior court erred in its dismissal of the mandamus petition on the basis it cited.

On October 13, 2004, inmate Rozar pro se filed a mandamus action in Fulton County Superior Court against James Donald, as Commissioner of the Georgia Department of Corrections, alleging that Donald failed to give Rozar credit for jail time served in Mississippi as well as in Georgia while awaiting trial on an offense in Cobb County. Rozar claimed that, pursuant to OCGA §§ 17-10-10[2] and 17-10-11,[3] he was entitled to more time than that which he was

---

[1] The order recites in conclusion that the petition is dismissed for "want of prosecution"; however, the order states the underlying reason as Rozar's failure to appear in court for the scheduled hearing.

[2] OCGA § 17-10-10 provides:
   (a) Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, the sentences shall be served concurrently unless otherwise expressly provided therein.
   (b) Where a person is convicted on more than one indictment or accusation at separate terms of court, or in different courts, and sentenced to imprisonment, the sentences shall be served concurrently, one with the other, unless otherwise expressly provided therein.
   (c) This Code section shall apply alike to felony and misdemeanor offenses.
   (d) This Code section shall govern and shall be followed by the Department of Corrections in the computation of time that sentences shall run.

[3] OCGA § 17-10-11 provides:
   (a) Each person convicted of a crime in this state shall be given full credit for each day spent in confinement awaiting trial and for each day spent in confinement, in connection with and resulting from a court order entered in the criminal proceedings for which sentence was imposed, in any institution or facility for treatment or examination of a physical or mental disability. The credit or credits

credited. Rozar attached to his petition a "Motion for Ad Testificandum to Pending Writ of Mandamus" pursuant to OCGA § 24-10-62.[4] The superior court did not rule on the motion. The court set the case for a hearing and issued a rule nisi directing Rozar to appear, but did not enter the production order Rozar submitted that he needed, as an incarcerated witness, to be in court. The superior court dismissed the case for want of prosecution based on Rozar's failure to appear at the hearing.

Certainly, Rozar,

> as a prisoner, has no constitutional right or fundamental interest in being present at the trial of a civil action to which he is a party, sufficient to outweigh, as a matter of course, the interest of the state in avoiding expense. [Cit.] Issuance of a writ of habeas corpus ad testificandum is predicated upon a prisoner's showing that the ends of justice require his presence. [Cit.] Whether there is a need for a prisoner's presence is a discretionary determination, and the trial court's decision in that regard will not be reversed in the absence of a clear abuse of its discretion. [Cits.] To demonstrate need, the prisoner must show what he expects to prove and how that proof bears on the case. [Cit.]

(Punctuation omitted.) *Elrod v. Elrod*, 272 Ga. 188, 190-191 (4) (526 SE2d 339) (2000).

But the problem in this case is not an issue of any abuse of discretion in denying prisoner Rozar a writ of habeas corpus ad testificandum or in any other manner refusing to allow his presence at the mandamus hearing.[5] Rather, the problem is that the superior court summarily dismissed Rozar's mandamus suit for failing to physically appear at a scheduled hearing when the incarcerated Rozar lacked the ability to make such an appearance.

Donald argues that Rozar's "Motion for Ad Testificandum to Pending Writ of Mandamus" was not a request that he be produced for a hearing in the mandamus petition against Donald because the

---

shall be applied toward the convicted person's sentence and shall also be considered by parole authorities in determining the eligibility of the person for parole.

(b) This Code section applies to sentences for all crimes, whether classified as violations, misdemeanors, or felonies, and to all courts having criminal jurisdiction located within the boundaries of this state, except juvenile courts.

[4] OCGA § 24-10-62 states:

The writ of habeas corpus ad testificandum may be issued by the superior court to cause the production in court of any witness under legal imprisonment.

[5] In this appeal, the propriety of the grant or denial of Rozar's writ of habeas corpus ad testificandum is not at issue.

motion bore a different civil action number, and that even if the motion was meant to be in this case, Rozar still failed to establish a need that he be produced. But such argument merely begs the question. The record discloses that Rozar's motion, even if bearing a civil action number not eventually assigned to the petition for mandamus against Donald, was part and parcel of his filings in the case.[6] As to Rozar's alleged lack of establishing "need," a showing of the need to be present at court proceedings is a separate question from legal prosecution of the case. *Elrod* at 190-191 (4). The difficulty with the present situation is evident. Rozar is denied permission, albeit by the court's inaction, to be present at the hearing, and then his cause is dismissed for his non-presence at the hearing.

Accordingly, the judgment of the superior court dismissing Rozar's petition for mandamus is reversed, and the case is remanded to the superior court for action consistent with this opinion.[7]

*Judgment reversed and case remanded. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

The majority predicates its holding on the notion that Rozar filed in this case a proper application for issuance of a writ of habeas corpus ad testificandum pursuant to OCGA § 24-10-62. I do not agree with that premise. Moreover, even assuming that Rozar did file such an application, it is clear that any error in the trial court's failure to issue a ruling on its merits would be harmless. Therefore, I dissent.

The record does contain a document which is styled as a "Motion for Ad Testificandum to Pending Writ of Mandamus." However, in Georgia, we follow "the principle that there is no magic in nomenclature and that substance controls our consideration of pleadings ([cit.]) . . . ." *Gulledge v. State*, 276 Ga. 740, 741 (583 SE2d 862) (2003). Because substance is the controlling factor, a copy of the "motion" has been attached hereto so as to explain to the bench and bar why I am compelled to dissent. (See Appendix.) Looking to the substance of Rozar's "motion," and as is noted by the majority, it is captioned with an entirely different civil action number than that assigned to this mandamus action. The crucial fact which the majority fails to acknowledge, however, is that the "motion" also names entirely different parties. This action was brought against James Donald, in his capacity as Commissioner of the Department of Corrections. The "motion" upon which the majority relies clearly indicates that it is a document in a case brought by Rozar against Milton E. Nix, Jr., et al.

---

[6] The document was indexed as part of the mandamus petition filed on October 13, 2004.

[7] This Court makes no ruling on the merits of this mandamus action against Donald or on whether the suit is subject to dismissal on other grounds.

Mr. Nix is the Chairman of the Board of Pardons and Paroles. Thus, it is readily apparent that the "motion," styled as it was in another pending mandamus action against other parties and assigned a different case number, was an extraneous and nongermane attachment to the petition filed in this action against Commissioner Donald. Accordingly, the "error" identified by the majority is, in reality, the failure of the trial court to rule on a "motion" which was never filed separately. It was only an attachment to the petition and obviously not relevant to this case. Even assuming that it was aware of this "motion," the trial court obviously was authorized to disregard it because of its unquestioned inapplicability to the present mandamus action against Commissioner Donald. Based upon its substance, the "motion" was pending in an entirely separate action against totally different parties and, thus, was not relevant to this case at all. If the trial court had considered the "motion" and granted it, the result would be Rozar's presence at a hearing held in connection with his action against Chairman Nix. Granting the "motion" would not have any effect on his presence at a hearing held in this case against Commissioner Donald.

However, even if the document had been correctly styled and properly filed in this case against Commissioner Donald, it still clearly does not qualify for consideration as a "motion," because a "motion" must "state with particularity the grounds therefor." OCGA § 9-11-7 (b) (1). As is apparent from a review of the attached "motion," the document filed by Rozar does not state any grounds whatsoever for issuance of a writ of habeas corpus ad testificandum. Instead, the "motion" is, in fact, simply a pro se form order submitted for signature by the trial court, which order purports to direct the Macon State Prison to deliver Rozar to the Sheriff of Fulton County. Thus, the majority concludes that the trial court erred because it failed to construe a pro se form order, which bore an extraneous case number and named non-parties as the respondents, as a "motion" for issuance of a writ of habeas corpus ad testificandum in this action against Commissioner Donald. I submit that it is patently illogical, unconscionable, unfair and outrageous to hold that any trial court of this state errs by failing to construe such an obviously insufficient document as a "motion."

Had Rozar filed a valid application for a writ of habeas corpus ad testificandum in this case, I could agree that it was reversible error for the trial court to dismiss the mandamus action for his failure to appear, without first considering the application and ruling on its merits. Obviously, a prisoner's civil action should not be dismissed based upon his absence from a hearing if he has pending before the trial court a valid application for a writ of habeas corpus ad testificandum. The remedy for such an error would be reversal of the

dismissal of the action with direction that the trial court consider the merits of the application. As noted, however, Rozar's "motion" does not state any grounds for issuance of the writ, but, at most, sets forth his present location and the official into whose custody he seeks to be delivered. Insofar as the question of validity is concerned,

> [i]t is clear . . . that [Rozar], as a prisoner, has no constitutional right or "fundamental interest in being present at the trial of a civil action to which he is a party, sufficient to outweigh, as a matter of course, the interest of the state in avoiding expense." [Cit.] Issuance of a writ of habeas corpus ad testificandum is predicated upon a prisoner's showing that the ends of justice require his presence. [Cit.] . . . To demonstrate "need," the prisoner must show what he expects to prove and how that proof bears on the case. [Cit.]

*Elrod v. Elrod*, 272 Ga. 188, 190-191 (4) (526 SE2d 339) (2000). Just as in *Elrod v. Elrod*, supra, however,

> [i]n his application for the writ, [Rozar] made no viable showing why he should prevail as against [the Commissioner]. Since his application failed to show the existence of any relevant and material question of law or fact upon which he might arguably assert that [he was entitled to mandamus relief], the trial court [would] not abuse its discretion in denying the application for the writ. [Cits.]

Thus, the result of the majority's opinion is to reverse and remand for the trial court to consider the merits of a "motion" for issuance of a writ of habeas corpus ad testificandum, which document shows on its face that it is insufficient to state a viable basis for the relief sought. Since *Elrod* establishes that the motion is otherwise facially insufficient as a matter of law, any error on the part of the trial court in failing to construe it as a motion for issuance of the writ and to deny it for its obvious lack of merit would be harmless.

Therefore, it is manifestly clear that the trial court should be affirmed for either of two reasons. It did not err in failing to rule on a "motion" that, on its face, was clearly a document with relevance only to another extraneous action Rozar had pending against other state officials. Even ignoring the obvious inapplicability of the "motion" to this case, any error in failing to rule on it was harmless because it did not demonstrate "that the ends of justice require his presence . . . [nor did it] show what he expects to prove and how that proof bears on the case. [Cit.]" *Elrod v. Elrod*, supra at 191 (4).

**APPENDIX**

In The Superior Court of Fulton County
State of Georgia

Scott Lee Bozar,　　　　　　　:　　Civil Action NO:
　　　Petitioner　　　　　　　　:　　2004-CV-83751
　　-V-　　　　　　　　　　　　:
Milton E. Nix Jr. etal.,　　　:　　Mandamus
　　　Respondents　　　　　　　:

Motion ~~[redacted]~~ For AD TESTIFICANDUM to
Pending Writ of Mandamus.

Comes now Petitioner in the above styled action, having made application to the court for this issuance of the ad testificadum and on consideration of the same, it appearing to the court that one Scott Lee Bozar, is an imprisoned witness within the meaning of O.C.G.A. § 24-10-62, and is in custody of Macon State Prison, Oglethorpe Georgia. The Macon State Prison, Macon County is hereby Ordered and directed to produce the person of Scott Lee Bozar and deliver him to the Sheriff of Fulton County, Ga. or his lawful Deputies on or before _____ at _____ O'clock _____ m. So that the Sheriff of Fulton County may take custody of said person "prisoner" and return him to Macon State Prison, Macon County. After he is discharged by Judge.

The Sheriff of Fulton County is Ordered and Directed to serve a copy of this application and Order upon Macon State Prison Macon County, Oglethorpe Georgia 31068, Forethwith.

So ORDERED This _____ day of _____ 2004.

_____ Judge

(2)

118

Scott L. Rozar, *pro se.*
*Thurbert E. Baker, Attorney General, Robert W. Smith, Jr., Assistant Attorney General*, for appellees.