**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**June 3, 2020**

# In the Court of Appeals of Georgia

A20A0399. ZEIGLER v. ZEIGLER et al.

MERCIER, Judge.

Damon Zeigler, who appears to be incarcerated, appeals pro se from a trial court order denying his request "to compel transportation through the Bureau of Prisons" so that he could appear in court for a civil matter. Because the trial court did not exercise its discretion in considering Zeigler's request, we vacate the court's judgment and remand this case for further proceedings.

The record reveals that in 2001, Zeigler was convicted of armed robbery and other crimes and sentenced to 25 years in prison. This Court affirmed his convictions in 2004. *Ziegler v. State*, 270 Ga. App. 787 (608 SE2d 230) (2004).[1] In September 2018, Zeigler filed in superior court a pro se "equitable petition" seeking an

---

[1] We note that Zeigler's name is misspelled in the 2004 case.

accounting of his mother's estate. He named as defendants Cynthia Zeigler, administrator of the estate, and Helen Blackshear, a notary public. In his petition, Zeigler alleged that his rights as an heir to the estate were not protected during the estate administration proceedings. He asserted that another individual fraudulently signed his name to a document authorizing the probate court to waive the bond of the administrator, and that the assets of the estate were mishandled.

In March 2019, Zeigler filed a motion requesting the trial court to order the warden to produce him for the proceedings held in connection with the petition he filed. Zeigler stated that if he failed to appear for the calendar call or failed to attend the pretrial conference, his case would possibly be dismissed. The trial court, in ruling on the motion, noted that Zeigler's civil action was active and set for an upcoming bench trial, but found that the court was not authorized to compel his attendance for a civil matter through the Bureau of Prisons, that any arrangements for Zeigler's "benefit in a civil context [was] solely his responsibility," and that "there [was] no mandate for production of any person in a civil matter." The court granted Zeigler's "request to have his day in court," but denied his request to compel transportation through the Bureau of Prisons. We granted Zeigler's application for discretionary review. He now appeals, asserting that the trial court should have determined whether

2

he could afford to pay for his production and whether his presence in court was required by the ends of justice. He argues further that this case should be remanded for the trial court to make these findings.

OCGA § 24-13-60 (a) provides in relevant part:

When a prisoner confined in any state prison, county correctional institution, or other penal institution under the jurisdiction of the Board of Corrections, other than a prisoner under a death sentence, is needed *as a witness in any judicial proceeding in any court* of record in this state . . . the judge of the court wherein the proceeding is pending shall be authorized to and shall issue an ex parte order, directed to the commissioner of corrections, requiring the prisoner's delivery to the sheriff of the county where the prisoner is desired as a witness . . . The sheriff or his or her deputies shall take custody of the prisoner on the date named in the order, safely keep the prisoner pending the proceeding, and return him or her to the original place of detention after the prisoner's discharge by the trial judge.

(Emphasis supplied.) Subsection (c) provides further that

[i]f the prisoner was desired as a witness by . . . either party to a civil proceeding, the costs and expenses . . . shall be borne by the party requesting the prisoner as a witness. The court shall require a deposit of money sufficient to defray same, except where the judge, after examining into the matter, determines that the prisoner's presence is required by the interests of justice and that the party requesting it is

3

financially unable to make the deposit, in which case the expenses shall be taxed as costs of court.

"Whether there is a need for a prisoner's presence is a discretionary determination, and the trial court's decision in that regard will not be reversed in the absence of a clear abuse of its discretion." *Elrod v. Elrod*, 272 Ga. 188, 190-191 (4) (526 SE2d 339) (2000). In *Elrod*, a prisoner was the defendant in an action to quiet title. Id. at 188-189. The jury returned a verdict in favor of the plaintiff, and the prisoner appealed, arguing inter alia that the trial court erred in denying his application for a writ of habeas corpus to compel his production at trial. Id. at 190-191 (4). The Georgia Supreme Court, citing a Seventh Circuit case, held that a prisoner

> has no constitutional right or fundamental interest in being present at the trial of a civil action to which he is a party, sufficient to outweigh, as a matter of course, the interest of the state in avoiding expense. Issuance of a writ of habeas corpus ad testificandum is predicated upon a prisoner's showing that the ends of justice require his presence.

(citations and punctuation omitted.) Id. The court concluded that the prisoner in that case failed to demonstrate "need," which required a showing of what he expected to prove and how the proof bore on the case. Id. at 191 (4).

In his motion, Zeigler requested that he be produced in court for a civil proceeding to which he is a party. OCGA § 24-13-60 (c) provides that where a prisoner is desired as a witness in a civil action, the trial court has discretion to determine if the prisoner's presence is required by the interests of justice and whether the party desiring the prisoner's presence is financially unable to cover the cost of having him appear. And *Elrod* holds that whether there is a need for a prisoner's presence in court is a discretionary determination. Supra, 272 Ga. at 191 (4). Thus, the trial court had discretion to determine whether Zeigler's presence was needed in the civil action. However, the court believed it was without discretion to grant Zeigler's request, incorrectly concluding that it had no authority to compel Zeigler's attendance in a civil matter. We therefore vacate the trial court's order and remand this case for the court to exercise its discretion under the authority cited herein to determine whether Zeigler was unable to pay for his presence in court, and if he was unable, whether his presence was required by the ends of justice. See *Phillips v. Hopper*, 237 Ga. 68, 71 (227 SE2d 1) (1976) (the Supreme Court, pursuant to the predecessor to OCGA § 24-13-60, remanded a case for the trial court to determine whether the appellant was financially unable to pay the expenses of having prisoners

5

produced as witnesses and whether the witnesses' presence was "required by the ends of justice." (punctuation omitted)).

*Judgment vacated and case remanded with direction. Miller, P. J., and Pipkin, J., concur.*